[No. 2,934.]

## CHARLES GRIMM *v.* WILLIAM CURLEY, DANIEL MEIKLEHAUGH, ELIZABETH MEIKLEHAUGH, JOHN NICKERSON, AND ELIZA ANN LYONS.

ADVERSE POSSESSION OF LAND OCCUPIED BY MISTAKE.—Where a grantee, in taking possession of a lot in San Francisco under his deed, by mistake and in good faith entered into possession of a strip of land adjoining his lot, but not included within its boundaries, and remained in continuous, open, notorious, and adverse possession, claiming to hold adversely to all persons whomsoever: *Held,* that such possession comes fully within the definition of an adverse possession which will set the Statute of Limitations in motion.

LIMITATION TO RECOVER UNDER ALCALDE GRANT.—An adverse possession for five years subsequent to the passage of the Act of April 18th, 1863, amending the Statute of Limitations, will bar a cause of action under an Alcalde grant in San Francisco.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The plaintiff deraigned title under a sale by the executors of William A. Woodruff, the original grantee, made by virtue of the following language in Woodruff's will: "It is my will that my executors shall, as soon after my death as they shall deem prudent, for the best interest of my estate, convert the same, real, personal, and mixed, of which I may die seized or possessed, into money."

The sale was made without having first obtained an order

of the Probate Court. The Court subsequently confirmed it. The defendant had judgment, and the plaintiff appealed. The other facts are stated in the opinion.

*George & Loughborough,* for Appellant.

The land in suit is part of lot one thousand four hundred and two, and the defendant entered under deeds purporting to convey specific portions of the adjoining lot, number one thousand three hundred and eighty-one. They never intended to take, and they never claimed to own any land not included in their respective deeds. If they held any portion of the plaintiff's land, their possession originated in and was continued under a mistake as to the true boundary line. Their possession was not hostile until after the discovery of the mistake, and this happened less than five years before the commencement of this action. They, therefore, failed to prove an adverse possession for five years. (*Sharp* v. *Daugney,* 33 Cal. 505; *Figg* v. *Mayo,* 39 Cal. 262; *McCracken* v. *City of San Francisco,* 16 Cal. 636; *Howard* v. *Reedy,* 29 Georgia R. 152; *Brown* v. *Cockerill,* 33 Ala. 43; *Gilchrist* v. *McLaughlin,* 7 Iredell, N. C. R. 310; *Brown* v. *Gay,* 3 Greenleaf, Me. 118.)

*John M. Burnett* and *M. G. Cobb,* for Respondents.

Adverse possession is sufficient if it excludes all title in the person against whom it is set up. ( *Wicklow* v. *Lane,* 37 Barb. 244, and authorities cited.) Defendants certainly excluded all title in plaintiff's grantors when they built on and improved the property in dispute.          *

The statute runs where parties claim up to a given line and occupy accordingly. (*Burdell* v. *Burdell,* 11 Mass. 297; *Baldwin* v. *Brown,* 16 N. Y. 359; *Reed* v. *Farr,* 35 N. Y. 113; *Pierson* v. *Mosher,* 30 Barb. 81; *Sneed* v. *Osborn,* 25 Cal. 619.)

If a grantee in a deed, in taking possession thereunder,

goes by mistake beyond his proper boundaries, and enters upon, and actually occupies and improves, land not included in his deed, claiming and supposing it to be his, this occupation is deemed adverse, within the meaning of the Statute of Limitations, and, if continued for the proper time, will bar an action by the true owner.

In this case, the defendants entered upon, occupied, and improved the land in suit, claiming and supposing it to be theirs. (*Crary* v. *Goodman*, 22 N. Y. 170; *Enfield* v. *Day*, 7 N. H. 457; *Hale* v. *Glidden*, 10 N. H. 397; *McKinney* v. *Kenney*, 1 A. K. Marshall, 460; *Hunter* v. *Chrisman*, 6 B. Mon. 463; *Sneed* v. *Osborn*, 25 Cal. 626; *City of San Jose* v. *Trimble*, 40 Cal. 536.)


By the Court, CROCKETT, J.:

The land in controversy is a narrow strip, five or six feet wide, included within the fifty-vara lot numbered one thousand four hundred and two, in the City of San Francisco, and fronts on the dividing line between that lot and the fifty-vara lot numbered one thousand three hundred and eighty-one. The plaintiff deraigns title under a valid Alcalde grant to that portion of lot one thousand four hundred and two which includes the demanded premises, provided the executors of Woodruff, the original grantee, had power, under his will, to sell and convey said premises without having first obtained an order of sale from the Probate Court; but I deem it unnecessary to pass upon that point, inasmuch as I think the defendants made out a valid defense under the Statute of Limitations. The action was commenced in June, 1869, and it appeared in proof that the defendants entered more than ten years before the commencement of the action, under deeds purporting to convey to them severally portions of lot number one thousand three hundred and eighty-one. It further appears that they entered upon the demanded

premises in good faith, under the belief that said premises were a portion of lot number one thousand three hundred and eighty-one, and were included within their respective deeds.

It also appears that from the time of their entry they have been in the continuous, open, notorious, and adverse possession, claiming to hold and own the same adversely to all persons whomsoever. A possession of this character comes fully within the definition of an adverse possession, as established by an unbroken current of authorities. Nor can there be any doubt that the plaintiff, or his grantors, might, at any time during said adverse holding, within five years from the commencement thereof, have maintained an action to recover the possession. If the cause of action was not before barred, it was clearly so at the expiration of five years from the time, when the Act of April 18th, 1863, amending the Statute of Limitations, took effect. (*City of San Jose* v. *Trimble*, 41 Cal. 536.)

Judgment affirmed.

Mr. Chief Justice Sprague and Mr. Justice Wallace did not participate in this decision.