LOCKEY, appellant, v. HORSKY, respondent.

PRACTICE — *Evidence necessary to consider questions of granting non-suit and admitting improper testimony.*— Error in sustaining motion for non-suit cannot be considered in appellate court without the evidence upon which the judgment of the court below was based.

To determine whether the court below erred in admitting improper testimony, there should have been a motion for new trial, and a statement as provided by law.

REAL ESTATE — *Adverse possession — Right of recovery barred by statute of limitations.*—Where the findings of fact show that the defendant had been in actual possession, under claim of ownership of certain ground in controversy, having the same inclosed with a substantial fence, for more than eight years after plaintiff's right of action, if any, accrued, the latter's right of recovery is barred by the statute of limitations.

*Appeal from Third District, Lewis and Clarke County.*

M. BULLARD and SANDERS & CULLEN, for appellant.

1. The answer of defendant is ambiguous and uncertain in the particulars specified in plaintiff's demurrer thereto, and the demurrer should have been sustained.

2. The court erred in sustaining defendant's motion for a non-suit as to the first cause of action set up in plaintiff's complaint.

3. The court erred in permitting the defendant to read in evidence his deed to lot No. 15, in block No. 37. No part of said lot was in controversy, and defendant might as well have read in evidence a deed to any other lot in said block 37, or, for that matter, to any lot in the Helena town site, as the one which he did read. As far as the northerly ten feet of lot No. 14, which is the property in controversy, is concerned, it could make no more difference than who owned the property on the south side of said lot, or who the other adjoining owners were. What, under the pleadings, the defendant was called upon to show was, not that he was an owner of a lot adjoining, but that he had some sort of a paper title to the par-

ticular ground in controversy, upon which he could base his claim of adverse possession. While it is true that a possession of a part of a tract of land is sometimes construed to be possession of the entire tract, yet where the tract is divided into lots, possession of one lot is not deemed possession of any other lot or part of a lot for the purpose of forming a basis for the acquisition of a title to the same by adverse possession. See Code of C. P. sec. 33.

4. The fourth finding of fact made by the court shows that the holding of the northerly ten feet of lot 14 in block 37 by defendant was under and by virtue of the deed to his predecessors in interest to lot 15 in the same block. Defendant did not claim it as a portion of lot 14, but as a part of lot 15, and under the issues in this case such a holding or possession would be insufficient to predicate a claim of adverse possession upon. To render the possession of defendant adverse as to plaintiff, who is the holder of the legal title, and to rebut the presumption of law raised by such legal title, it is necessary, to set the statute of limitations in motion, that defendant should produce some conveyance to him or his predecessors in interest under which, in good faith, he can assert his belief that he had title to the identical premises in dispute. *McCracken* v. *City of San Francisco*, 16 Cal. 636. His possession can only be co-extensive with his deed. *Kile* v. *Tubbs*, 23 Cal. 437; *Elliott* v. *Pearl*, 10 Pet. 443; *Bair* v. *Gratz*, 4 Wheat. 222; *Kerne* v. *Cannovan*, 21 Cal. 299; *Garrison* v. *McGlockley*, 38 Cal. 79; Angell on Limitations, p. 378, § 384.

5. It is the *intention* to claim and hold adversely which, under the statutes of limitations, is effectual to create title by way of estoppel. If the defendant, as is evident by the fourth finding of the court, simply claimed lot numbered 15 under his deed, and did not intend to claim or hold any part of lot No. 14, then the fact that, through mistake as to where his line was, or otherwise,

he included within his inclosure the northerly ten feet of lot 14, being the premises in dispute, would be insufficient to render his possession adverse. Angell on Limitations, p. 389, and authorities there cited.

CHUMASERO & CHADWICK and E. W. & J. K. TOOLE, for respondent.

There is nothing in the first point of appellant. The answer was good. Appellant, in order to raise this proposition, if there was anything in it, should have stood upon his demurrer. Filing his replication and going to trial was a waiver of any cause of demurrer. *Gale* v. *Tuolumne W. Co.* 14 Cal. 28.

So far as the second and third propositions are concerned, they will not be considered on this appeal. There was no statement or motion for new trial. Hence there is nothing in the record to show any error by reason of granting a non-suit or the introduction of evidence. But the court will presume everything in favor of the judgment. The plaintiff claimed title through a deed from the probate judge. The findings of the court (which, under the record, cannot be disturbed) show that the plaintiff was never in possession, but, on the contrary, that the defendant (respondent) was in possession of the property in dispute long prior to and at the time plaintiff (appellant) received his deed from the probate judge. Having never been in possession, he must stand or fall upon his deed. Under the town site law, there was no authority in the probate judge to deed to one out of possession. Such a deed was void. *Treadway* v. *Wilder*, 8 Nev. 91; Town Site Law.

The lot of land claimed by respondent as No. 15 was inclosed with a good and sufficient fence before the town site was entered by the probate judge, and was actually occupied by the respondent and his grantors continuously from the time it was inclosed until the suit was commenced by appellant, and he had the right to a title for

the land so inclosed and occupied.   See Town Site Act, R. S. sec. 1212.

Even if the lot had been vacant, the trustee of the town site had no right to make a deed to one not in possession of or without a right to the possession of the lot.   Lockey never had possession or any right to the possession.   Nor is any vacant lot subject to entry until having first been advertised and offered for sale at public vendue.   The lot in dispute never was so advertised or offered.   *Edwards* v. *Tracy*, 2 Mont. 48.

The findings also show that the respondent was in possession of the ten feet in dispute, under a deed from the probate judge for lot No. 15; that such possession was for a sufficient length of time to have acquired title by adverse possession, and that ever since his first possession he has had the same inclosed by a substantial fence, and had claimed the same for such period, exclusive of any other right, and all of this with the full knowledge of plaintiff (appellant).   This invested defendant (respondent) with a title under the statute, which was of the same dignity and efficacy as a paper title.   2 Black (U. S.), 605.

The respondent believed that the land in dispute was a part of lot 15, and possessed it accordingly.   Whether he was mistaken as to the boundary becomes immaterial. See Finding of Court; also *Grim* v. *Curley*, 43 Cal. 250; *Crary* v. *Goodman*, 22 N. Y. 170; *Enfield* v. *Day*, 7 N. H. 457; *Hale* v. *Gledden*, 10 N. H. 397; *McKenney* v. *Kenney*, 1 A. K. Marsh. 460; *Hunter* v. *Cressman*, 6 B. Mon. 463; *Sneed* v. *Osborne*, 25 Cal. 626.

When a person claims up to a given line, and occupies accordingly, the land so occupied will be deemed to have been held adversely.   *Baldwin* v. *Brown*, 16 N. Y. 359; *Reed* v. *Farr*, 35 N. Y. 113; *Sneed* v. *Osborne*, 25 Cal. 619; *Pierson* v. *Washer*, 30 Barb. 81; *Burdell* v. *Burdell*, 11 Mass. 297.

Appellant's authorities are not in point.   They apply to

cases of constructive possession.   Appellant has not been injured.   The issues of fact were found against him, and the conclusions of law found by the court necessarily followed.

CONGER, J.   This is an appeal from the judgment of the court of the third judicial district, county of Lewis and Clarke.

The cause was tried by the court, a jury having been waived, and was for the possession of a certain piece or parcel of ground situate in the town of Helena, and described as ten feet front on Main street by one hundred and twenty-two feet deep, off the northerly side of lot No. 14, in block No. 37, of the town site of Helena, and for damages for withholding possession.

Upon the trial of the cause, the court found special findings of fact as follows, to wit: First. That this cause was commenced in this court by the filing of the complaint and the issuing of a summons thereon, on the 29th day of July, A. D. 1879.   Second. That thereafter, to wit, on the 29th day of July, 1879, said summons was served upon the defendant personally by the sheriff of Lewis and Clarke county, as appears by his return on file.   Third. That the predecessors in interest of the said defendant went into actual possession and occupancy of the property in controversy in the year 1866, were inhabitants of the town of Helena, and continued in such possession up to the time of the sale and conveyance of the same to defendant.   Fourth. That the probate judge of Lewis and Clarke county, Montana territory, entered said town site, as provided by law in such cases, on the 7th day of January, 1869, and thereafter, on the —— day of May, 1869, made to the predecessors in interest of said defendant a deed for lot 15, block 37, in said site, plat and survey, under which the defendant, as grantee of such predecessors, claims the property in controversy, since which date the defendant and his

predecessors in interest have been in the actual possession
of the property in controversy, the same having been in-
closed by a substantial fence in 1870, and prior to the
issuance of the deed for lot 14 by probate judge to the
plaintiff, which fence has been maintained by the defend-
ant and his predecessors in interest from that date until
the date of the commencement of this action. Fifth.
That defendant, since his purchase of the said property,
and his predecessors in interest since the year 1866 and
up to the bringing of this action, were in the actual pos-
session of the property in controversy, and since 1870
have had the same inclosed by a substantial fence, and
during all of said time have claimed title to the same ex-
clusive of all other right. Sixth. That on the 5th day
of December, 1870, the probate judge conveyed by deed
to the plaintiff the property in controversy, while the
same was so in the possession of said defendant's pred-
ecessors in interest, and that ever since said conveyance
said defendant and his predecessors in interest have occu-
pied and possessed said property under chain of title
thereto, with the knowledge of the plaintiff, and that
the plaintiff, up to the time of the commencement of
this suit, was not and never had been in the possession
of said property.

The court finds in other findings that plaintiff received
a deed to lot 14 from the probate judge on the 5th day
of December, 1870, which deed covers the ten feet in con-
troversy; that the defendant and his predecessors in
interest have been in possession of the ten feet in con-
troversy since 1866, and have held such possession by
claim of title by virtue of their deed to lot 15.

The court finds as matter of law: First, that the de-
fendant is the owner of the property in controversy by
virtue of the occupation and possession of the same
by his predecessors prior to and at the time of the plat
and survey under the town site act and his deed of con-
veyance therefor. Second, that any claim plaintiff may

have had thereto was and is barred by the statute of limitations since his receipt of the deed for the same and before his cause of action, if any, arose therefor.

To which findings of law plaintiff duly excepted.

The court rendered judgment for defendant.

The appellant demurred to defendant's answer, which demurrer was overruled. The filing of a replication and going to trial is a waiver of the demurrer, and it cannot now be considered.

Appellant claims that the court erred in sustaining defendant's motion for non-suit. This claim cannot be considered in this court on appeal, for the reason that the evidence is not before us, and without it the question cannot be determined.

And as to the error urged in the admission of improper evidence, there is no statement on motion for new trial. It will be assumed that the court below proceeded correctly.

Whatever may be said as to the first finding of law by the court below, the finding of facts warrants the second finding of law, and it is correctly stated. The cases cited by appellant, when applicable, are themselves in point. 23 Cal. 437; 38 Cal. 78; 31 Cal. 154; 43 Cal. 250.

See section 34, Code of Civil Procedure, for the purpose of constituting adverse possession by a person claiming under a written instrument. It is deemed to have been possessed, etc., when protected by a substantial inclosure. The same is said in section 36. And in section 35 the law is stated to be that no more than the land actually occupied, and no other, is deemed to have been held adversely.

It is clear the several findings of law are correct, and are conclusive of the rights in this cause, and the judgment of the court below is affirmed.

Judgment affirmed, with costs.

*Judgment affirmed.*