KLEINSCHMIDT, respondent, *v.* ILER, appellant.

PRACTICE — *Mere general exception to the rendition of a judgment raises no question* for review.

EXCEPTION TO EVIDENCE — *Reference — New trial.* — The supreme court will not consider objections to testimony taken before a referee, unless excepted to before rendition of judgment, and properly brought before the trial court for review by motion for a new trial.

*Appeal from Third District, Lewis and Clarke County.*

THE opinion states the facts.

ISAAC D. McCUTCHEON, for the appellant.

E. W. & J. K. TOOLE and WILLIAM WALLACE, Jr., for the respondent.

WADE, C. J.    This was an action to dissolve and wind up the affairs of a partnership.   For this purpose a referee was appointed to state an account between the partners, the respondent and appellant, and a receiver to take possession of and sell a certain stock of merchandise.   The referee heard testimony and returned his findings and a statement of account between the parties to the court, and the receiver filed his report.   Thereupon said findings were approved and adopted by the court, and said report confirmed and the receiver discharged; and on motion of the respondent, judgment was rendered in his favor upon said findings and account, to the rendition of which the appellant made a general exception which was entered of record, but no bill of exceptions was taken or filed in that behalf.

The appeal is from the judgment.

The appellant now asks to have this judgment reversed, for the reason that the referee did not report to the court the testimony taken before him, together with the objections thereto, and the exceptions taken to his findings thereon.

The testimony is not contained in the record.   Whether the same was reduced to writing and reported to the court, we have no means of knowing.   No objection was made because the testimony did not accompany the findings.   The court was not asked to pass upon any objections to the testimony, or the sufficiency thereof to support the findings, and no complaint is made that the findings do not support the judgment.   If the appellant objected to the testimony, or any part thereof, for incompetency, and an exception had been saved before the referee, or for that the same did not support the findings, he ought to have made his objection and saved his exception before the rendition of the judg-

ment, and then, by bringing the testimony before this court
on motion for a new trial, had these decisions and rulings
reviewed.

There was no motion for a new trial. It is a fundamental
principle, often repeated in our decisions, that such a motion
is the only means by which the testimony can be brought
into this court for review. Such a motion is the only means
by which the district court can be called on to review the
testimony to determine whether it supports a verdict or
findings. This court reviews the decisions of the lower
court, but that court must first have an opportunity to cor-
rect its own errors. If the testimony were all contained in
the record, we could not look into it to determine whether
it supported the findings of the referee, for the reason that
the lower court has had no opportunity to pass upon that
question. No such objection was made in the lower court,
and it cannot be made here for the first time.

If the testimony before the referee was not reported to
the court, no objection was made, or exception saved, for
that reason; if incompetent evidence was received before
the referee, the court was not asked to declare its incompe-
tency; if the court did not determine whether the testimony
supported the findings of the referee, it was not asked to do
so; if there was no motion for a new trial, and an order
granting or refusing such a motion, the court was not asked
to make it; and so the appellant has only himself to blame
if he has presented a record here in which there is nothing
for us to hear and determine. By taking the proper action,
and saving his exceptions, as the law requires, he might
have had all these questions — the competency of the evi-
dence before the referee, its sufficiency to support the find-
ings, the propriety of granting or refusing a motion for a
new trial — reviewed and determined in this court.

An appeal from a judgment only brings up the judgment
roll, which includes the pleadings and bills of exceptions
properly taken and saved at the trial. There is no bill of
exceptions in the record. A mere general exception to the

rendition of a judgment raises no question, saving that the complaint does not support the judgment, and that question can be raised without an exception, and in this court for the first time; for in all courts the complaint must support the judgment. But in this case no question is raised here that the complaint does not support, or that the findings are inconsistent with, the judgment.

The record presents no question for us to hear and determine. The only question presented by appellant's brief is not in the record, was not determined by the lower court, and no objection or exception was made or saved in relation to it, and, of course, cannot be reviewed here.

The judgment is affirmed, with costs.