HARTMAN, PROBATE JUDGE OF GALLATIN COUNTY, AS
TRUSTEE OF THE TOWN SITE OF COOKE, appellant, v.
SMITH ET AL., respondents.

CIVIL PRACTICE — *An agreed statement of facts properly belongs to the judgment roll.* — In a case tried by a court without a jury, and upon an agreed statement of facts, such a statement has the effect of a special verdict or finding of facts, and properly belongs to the judgment roll under sections 270 and 294, division 1, Revised Statutes of Montana.   Secs. 280, 306, div. 1, Comp. Stats. Mont.

*Right of owner of mine to non-mineral land not contiguous to the mine, but used for mining or milling purposes, defined.* — The facts in this action are as follows: In April, 1882, the defendants, and those under whom they claim, located on the public domain, on unoccupied non-mineral land, a mill site of five acres as appurtenant to a certain validly located quartz lode, not contiguous to the same.   The said location was regular, and according to the requirements of section 2337, Revised Statutes of the United States.   They used the same continuously for mining purposes in connection with said lode, of which they were proprietors; built a cabin on the ground, which was used to store mining tools and ores taken from the mine.   In August, 1884, the plaintiff, as trustee, filed an application for a survey and patent of the town site of Cooke, including therein said mill site, received a receipt from the land-office for said town site, and proceeded to dispose of lots in the same in the manner provided by law.   In May, 1885, the defendants applied for a patent for said lode, and included in their application the said mill site.   The plaintiff filed his adverse claim to that portion of their application which included the mill site, and brought this suit to determine his rights to said mill site under the town site patent.   *Held,* that section 2337, Revised Statutes of the United States, relating to the use and occupation of land for mill site and mining purposes, was sufficiently complied with to entitle defendants to a patent for said mill site; that the mill site was reserved from sale under section 2392, Revised Statutes of the United States, which relates to town sites, and that the patent for the town site, in so far as it included the mill site, is void.

*Force of United States land-office decision.* — In a controversy of the kind aforesaid, the decision of the land commissioner is not binding upon this court.

*Appeal from District Court, Gallatin County.*

HENRY N. BLAKE, and CHARLES S. HARTMAN, for the appellant.

In this case a written statement of the facts was agreed upon by the attorneys for the parties.   This state-

ment had the effect of a special verdict or finding of the facts. Sec. 270, div. 1, Rev. Stats. Mont.. If the judgment is inconsistent with said statement it should be reversed. *Chumasero* v. *Vial,* 3 Mont. 376; *Largey* v. *Sedman,* 3 Mont. 472.

The following ruling of Acting Commissioner Stocksleger, made September 2, 1886, and reported in 13 Copp's Land Owner, 159, is directly in point: "The language of the statute, section 2337, Revised Statutes of the United States, evidently contemplates the performance upon the tract claimed as a mill site, at or prior to the date of filing application for patent, some act in the nature of either actual use or occupancy, for either mining or milling purposes."

The legal principle of the foregoing ruling has been applied in all cases affecting mining claims and water rights when litigants have not derived title from the United States. Claimants must prosecute with reasonable diligence the work necessary to make such property useful and productive. Respondents have performed no labors of this nature. *Columbia Mining Co.* v. *Holter,* 1 Mont. 296; *Woolman* v. *Garringer,* 1 Mont. 535; *Ophir L. M. Co.* v. *Carpenter,* 4 Nev. 534; *Kramer* v. *Settle,* 1 Idaho, 485, 492; *Maeris* v. *Bicknell,* 7 Cal. 261; *Parke* v. *Kilham,* 8 Cal. 77; *Kimball* v. *Gearhart,* 12 Cal. 28, 50; *Weaver* v. *Eureka Lake Co.,* 15 Cal. 272; *Depuy* v. *Williams,* 26 Cal. 309; *Davis* v. *Gale,* 32 Cal. 26; *Nevada C. & S. C. Co.* v. *Kidd,* 37 Cal. 282, 314; *Osgood* v. *El Dorado W. Co.,* 56 Cal. 571; Weeks's Mining Lands, secs. 210, 212.

This court has decided that a person who occupied a dwelling-house and blacksmith-shop upon certain land could not thereby claim the same as a miner or for mining purposes. *Moxon* v. *Wilkinson,* 2 Mont. 421, 425.

The appellant also contends that the decision of the commissioner of the general land-office, dated August 14,

1884, and the Secretary of the Interior, dated October 31, 1885, affirming the former, and dismissing the protest or adverse claim of respondents, are binding upon the court below.

The land-office department has exclusive jurisdiction of the facts involved. The courts recognize the authority of the said tribunal. *Quinby* v. *Conlan*, 104 U. S. 420, 425; *Smelting Co.* v. *Kemp*, 104 U. S. 636, 640; *Steel* v. *Smelting Co.*, 106 U. S. 447, 450, 451; *Lee* v. *Johnson*, 116 U. S. 48, 51; *Haven* v. *Haws*, 63 Cal. 452, 453.

Since the entry of judgment in this action in the court below, the following decision in this case has been made by the commissioner of the general land-office:—

DEPARTMENT OF THE INTERIOR, GENERAL LAND-OFFICE,
WASHINGTON, D. C., June 10, 1887.

*Register and Receiver*, Bozeman, Montana.

. . . . The evidence found with the papers, I think, clearly shows that application for the mill site was not made for the purpose contemplated by the statute, and the affirmative is not sufficiently established by applicants' own showing to entitle them to proceed. For the reason stated, said application No. 37, to the extent of the mill site portion, lot 52 B, is hereby held for cancellation.

Advise the parties, allowing the usual time for appeal.
Very respectfully,
S. M. STOCKSLEGER, Asst. Com.

R. P. VIVION and GEORGE F. SHELTON, for the respondents.

The probate judge brings this suit as the trustee of the town site, for the benefit of the inhabitants thereof, and he cannot exercise any authority but that expressly conferred by statute. U. S. Rev. Stats., secs. 2387, 2391. See opinion of Knowles, J., in *Ming* v. *Truett*, 1 Mont. 325; *Hall* v. *Ashby*, 2 Mont. 489.

As the trustee of the town site, it was his duty to recognize the prior right of the defendants to the land owned and possessed by them before the entry of the town site. *Edwards* v. *Tracy*, 2 Mont. 49; *Rose* v. *Treadway*, 4 Nev. 455; *Treadway* v. *Wilder*, 8 Nev. 91; 9 Nev. 67.

He has no title to the lands within the town site except as a trustee for the actual owners. *Hall* v. *Ashby*, 2 Mont. 489.

And if there are no other claimants for said land than the defendants, and they show a prior appropriation and occupation of the same, the probate judge has no right to question their title. *Georgetown* v. *Glaze*, 3 Col. 230; *Schnepel* v. *Mellen*, 3 Mont. 118.

This location is conceded to have been perfected according to law. A location of a mining claim when perfected according to law has the effect of a grant by the United States. *Belk* v. *Meagher*, 104 U. S. 279; *Mantle* v. *Noyes*, 5 Mont. 290.

This title when once vested could only be divested by the failure of the locators to comply with the statutory requirements. U. S. Rev. Stats., sec. 2324.

The findings of a court will not be disturbed unless the evidence was such that if the question at issue had been submitted to a jury, and they had rendered a verdict in accordance with the findings, the court would have set it aside as contrary to evidence. *Moore* v. *Murdock*, 26 Cal. 515.

If no motion is made for a new trial, the findings of the court and verdict of the jury are conclusive as to the facts. *Brown* v. *Tolles*, 7 Cal. 399; *Garwood* v. *Simpson*, 8 Cal. 108; *Duff* v. *Fisher*, 15 Cal. 379; *Gagliardo* v. *Hoberlin*, 18 Cal. 395; *Pico* v. *Cuyas*, 47 Cal. 174. Or when they are not excepted to. *Gray* v. *Moss*, 34 Cal. 125; *Largey* v. *Sedman*, 3 Mont. 472; *Broadwater* v. *Richards*, 4 Mont. 52; *McCormick* v. *Hubbell*, 4 Mont. 87.

The verdict of the jury is conclusive upon the question

of fact submitted to them if there be any evidence to support it. *Noonan* v. *Hood,* 49 Cal. 294; *Trenor* v. *C. P. R. R. Co.,* 50 Cal. 222; *Miller* v. *Lockwood,* 32 N. Y. 193; *Hyatt* v. *Trustees of Rondout,* 44 Barb. 385; *Fleming* v. *Smith,* 44 Barb. 554; *Kavanagh* v. *Beckwith,* 44 Barb. 192; *People* v. *Townsend,* 37 Barb. 520; *Cothran* v. *Collins,* 29 How. Pr. 155; *Decker* v. *Myers,* 31 How. Pr. 372; *Lewis* v. *Blake,* 10 Bosw. 198.

The question as to whether a settler on the public land has proceeded with reasonable diligence to follow his location with the necessary improvements so as to recover against a subsequent possessor, is a question for the jury. *Sharon* v. *Davidson,* 4 Nev. 416; *Megerle* v. *Ashe,* 33 Cal. 74; *Toland* v. *Mandell,* 38 Cal. 30.

There is no statement of the case. The appeal is taken on the judgment roll.

On an appeal from a judgment without a statement, nothing belongs to the record except the judgment roll, and no question arising outside of the roll can be considered. *Witherbee* v. *Carroll,* 33 Cal. 549; *Kleinschmidt* v. *McAndrews,* 4 Mont. 8.

Where land is appropriated for a mill site, it is reserved from sale or appropriation for any other purpose. *Shepley* v. *Cowan,* 91 U. S. 330; *Silver Bow M. & M. Co.* v. *Clark,* 5 Mont. 422; *Stark* v. *Starrs,* 6 Wall. 418; *Talbot* v. *King,* 9 Pac. Rep. 435; *Butte City Smoke House Lode Cases,* 6 Mont. 397.

The town site patent, like the deed of an individual, is inoperative if the government never owned the property, or had previously conveyed it. If the government issue a patent for lands that have been previously sold, or reserved from sale, it is so far void. *Steele* v. *Smelting Co.,* 106 U. S. 455; *Patterson* v. *Winn,* 11 Wheat. 380; *New Orleans* v. *U. S.,* 10 Pet. 662; *Reichart* v. *Felps,* 6 Wall. 160; *Best* v. *Polk,* 18 Wall. 112; *Morton* v. *Nebraska,* 21 Wall. 660; *Stoddard* v. *Chambers,* 2 How. 287; *Polk's Lessee* v.

*Wendal,* 9 Cranch, 99; *Smelting Co.* v. *Kemp,* 104 U. S. 664; Copp's Mineral Land Laws, 282; *Mantle* v. *Noyes,* 5 Mont. 291.

This mill site had passed from the government by the location of it by the defendants, and had been disposed of by the government to them. *Belk* v. *Meagher,* 104 U. S. 279; *Mantle* v. *Noyes,* 5 Mont. 290.

The decision of the commissioner on the question of the validity of the mill site in controversy, cited in appellant's brief, is something that this court cannot consider in determining the case.

The rights of the parties in proceedings to obtain a patent for mining claims or possessions, when an adverse claim is filed, must be determined by a suit in the territorial courts. Sec. 2326, U. S. Rev. Stats.

The judgment of the courts is conclusive on the land-office, and must issue in accordance with the decision of the courts. *Smelting Co.* v. *Kemp,* 104 U. S. 636; *Wolverton* v. *Nichols,* 119 U. S. 485, 420; *Mining Co.* v. *Bullion Min. Co.,* 9 Nev. 240.

GALBRAITH, J. This is an action to determine an adverse claim to certain real estate. The property in controversy is claimed by the appellant as a town site, and by the respondents as non-mineral land, not contiguous to a vein or lode, and claimed to be used for the mining purposes of such vein or lode, and included in the application of the patent therefor, under section 2337, Revised Statutes of the United States.

The facts in the case are as follows: In April, 1882, the defendants, and those under whom they claim, located on the public domain a mill site of five acres, as appurtenant to a certain quartz lode mining claim, called the Bull of the Woods lode. The land located as a mill site was at that time unoccupied and unappropriated public land. non-mineral in its character, and

non-contiguous to said vein or lode. The locators were each and all of them citizens of the United States, over twenty-one years of age, and the location of said mill site was made in the manner required by law; it being conceded by the agreed statement of facts that there is no question as to the regularity of all the proceedings in the location and appropriation of said mill site by the defendants. The defendants have used this mill site for mining purposes, as appurtenant to said lode; having erected a cabin thereon, and used the same for storing tools, and as an ore-house for the ore taken from said mine. In the month of August, 1884, the plaintiff, as trustee, filed his application for a survey and patent of the town site of Cooke, and included therein the mill site of these defendants, and received his receipt from the land-office, and proceeded to dispose of lots in said town site in the manner provided by law. On the fifteenth day of May, 1885, the defendants applied for a patent for said lode, and included in their application the mill site as appurtenant thereto. The plaintiff filed his adverse claim to that portion of their application which included the mill site, and brought this suit to determine his rights to said mill site, under the town-site patent. No claim is made by the plaintiff as to the regularity of the mill-site location by the defendants, or that there is any question as to the prior appropriation, use, and occupation by them, or that there has been any failure on their part to properly represent their mine and mill site from year to year, as required by law.

And the only question for the determination of this court is whether the use and occupation of this mill site by the defendants has been such a use and occupation as will give them a right to hold the same against subsequent entry thereof for town-site purposes by the probate judge. That this is the only question for our determination is admitted by both parties to this action.

The action was tried by the court sitting without a jury, a jury trial having been waived, and upon an agreed statement of facts. This statement, under our system of practice, had the effect of a special verdict, or finding of facts, and properly belongs to the judgment roll. Div. 1, Rev. Stats. 1879, secs. 270, 294. This statement, among others, contains the following facts: "That the said Smith built a log cabin thereon in April, 1882, and put a roof on the cabin in 1883; that said cabin was eighteen feet long, sixteen feet wide, and ten feet high; that shovels, picks, drills, powder, tools, and small quantities of ore from said Bull of the Woods quartz lode mining claim have been stored in said cabin by defendants, and that no other improvements have been made on said mill site by defendants"; also, "that the said mill site is non-mineral land, and not contiguous to the said Bull of the Woods quartz lode mining claim, but about two and one half miles distant therefrom." Upon these facts, the court came to the following conclusion, and made the same a part of its judgment: "That said mill site is non-mineral land, is not contiguous to the vein or lode of the Bull of the Woods mining claim above described, and has been used by the defendants herein, and still is so used by them, as the owners of the Bull of the Woods quartz lode mining claim, for mining purposes, in connection with said mine, and as appurtenant thereto."

Was this conclusion, in so far as it relates to the use of the mill site for mining purposes, in connection with the quartz lode mining claim, correct and warranted by the facts? Section 2337, Revised Statutes of the United States, which authorizes the acquisition of title to tracts of land not contiguous to veins or lodes, reads as follows:—

"Where non-mineral land, not contiguous to the vein or lode, is used or occupied by the proprietor of such vein or lode for mining or milling purposes, such non-

adjacent surface ground may be embraced and included in an application for a patent for such vein or lode, and the same may be patented therewith, subject to the same preliminary requirements, as to the survey and notice, as are applicable to veins or lodes; but no location hereafter made of such non-adjacent land shall exceed five acres, and payment for the same must be made at the same rate as fixed by this chapter for the superficies of the lode. The owner of a quartz-mill or reduction-works, not owning a mine in connection therewith, may also receive a patent for his mill site, as provided in this section."

It will be observed that this law specifies two cases in which a patent to a mill site may be obtained, viz.: "1. Where non-mineral land, not contiguous to the vein or lode, is used or occupied by the proprietor of such vein or lode for mining or milling purposes; 2. The owner of a quartz-mill or reduction-works, not owning a mine in connection therewith, may also receive a patent for his mill site." The owner of a quartz-mill or reduction-works may therefore obtain title from the government for the mill site on which it is built; and the owner of a quartz lode mining claim may obtain title to a mill site on non-mineral land not contiguous to the mining claim for either mining or milling purposes. It seems to us plain that this is the only proper construction to be placed upon the statute. But if it can be rendered clearer from the context, any other construction would appear to be inconsistent with that portion of the law which provides that only five hundred dollars' worth of work need be done upon a mining claim in order to obtain a patent therefor. But the section under consideration provides that the mill site may be patented with the mine. It does not appear to us that five hundred dollars' worth of improvement or development is sufficient to warrant the building of a mill or reduction-

works in ordinary cases.  It is a fact of which we think this court should take notice, that in the case of the great majority of quartz lode mining claims a much greater and more expensive development is necessary, in order to warrant the erection of quartz mills or reduction-works.  Even if there could be any doubt in relation to the language of the statute, its construction, in view of the subject-matter, should be reasonable.  In the case of the owner of a quartz lode mining claim, the purpose mentioned in the statute is in the alternative, viz., " mining or milling purposes."  It may be appropriated by such owner for either purpose, and if for either, such use will be sufficient.  The statute does not mention any particular kind of mining purpose for which it shall be used; and therefore, if used in good faith for any mining purpose at all, in connection with the quartz lode mining claim, such use would be within the meaning of the statute.  It is certainly not intended that it shall be used for such work as is done upon the mine itself; for the land must be non-mineral, and not adjacent to the mining claim.

We cannot say, under this statute, what shall be the extent of the use, — whether much or little, — or the particular character of the use.  The phrase " mining purposes " is very comprehensive, and may include any reasonable use for mining purposes which the quartz lode mining claim may require for its proper working and development.  This may be very little, or it may be a great deal.  The locator of a quartz lode mining claim is required to do only a hundred dollars' worth of work each year, until he obtains a patent therefor. . But if he does only this amount, and uses the mill site in connection therewith, is not this the use of the mill site for a mining purpose, in connection with the mine?  Who shall prescribe what shall be the kind and extent of the use under this statute, so long as it is used in good faith,

in connection with the mining claim, for a mining purpose?

The use to which the mill site was subjected, although limited in extent, was, so far as appears from the record, in good faith, and for mining purposes, in connection with the quartz lode mining claim. We think that all that the law requires in such a case as the one at bar is the reasonable use and occupation of the non-adjacent tract for mining purposes, in connection with the mining claim. This appears to have been the kind of use and occupation of the land in question. In a controversy of this kind the decision of the land commissioner is not binding upon this court. This would be inconsistent with the act of Congress in relation to proceedings in such cases in courts of competent jurisdiction, which provides that the patent shall issue for the claims, or such portions thereof as the applicant shall appear, from the decision of the court, to possess.

The validity of the mining location is admitted, and it is not claimed that it has been abandoned or forfeited. The preliminary requirements of the statute, as to survey and notice, as to the mill site, have been complied with. It is non-contiguous to the mining claim. The mill site is therefore properly appurtenant to the quartz lode mining claim.

The location of the town site was made subsequent to that of the mill site and mining claim. The act of Congress relative to town sites provides that "no title shall be acquired under the foregoing provisions of this chapter, to any mine of gold, silver, cinnabar, or copper, or to any valid mining claim, or possession held under existing laws." Rev. Stats. U. S., sec. 2392. The above section 2337 of the statute, by requiring the mill site to be included in the application for a patent for the vein or lode, and that the same preliminary steps as to the survey and notice shall be had as are applicable to veins

or lodes, and that it shall be paid for at the same rate per acre as the mining claim, and may be patented with the vein or lode to which it is appurtenant, recognizes the mill site as a mining possession. The location of the mill site, perfected according to law, like that of a quartz lode mining claim, operates as a grant by the United States of the present and exclusive possession of all the surface ground included within its limits. Having been used for mining purposes, in connection with the mine, it has not been abandoned or forfeited. It is therefore comprehended within the above section 2392, and is reserved from sale.

The patent for the town site, in so far as it included the mill site, is therefore void, and the patent therefor should be issued in connection with that for the mining claim.

The judgment is affirmed, with costs.

*Judgment affirmed.*

McCONNELL, C. J., and BACH, J., concur.