BLESSING, respondent, *v.* SIAS ET AL., appellants.

CIVIL PRACTICE. — *Evidence is not reviewable as to sufficiency, except upon an appeal from an order granting or refusing a motion for a new trial.* — The error appealed from was the insufficiency of the evidence to support the findings of the court rendering judgment. The record on appeal showed that no motion for a new trial had ever been made. *Held,* that the evidence is not reviewable when its insufficiency to justify the findings is the error complained of, save on appeal from an order granting or refusing a motion for a new trial. *Allport* v. *Kelly,* 2 Mont. 343; *Chumasero* v. *Vial,* 3 Mont. 376; *Twell* v. *Twell,* 6 Mont. 19; *Alder Gulch Con. Min. Co.* v. *Hayes,* 6 Mont. 31; and *Porter* v. *Clark,* 6 Mont. 246, cited.

PRACTICE IN SUPREME COURT.— *Held, also,* that a motion to strike out the statement of the evidence from the transcript must be sustained in this case.

CIVIL PRACTICE. — *When there is no appeal until sixty days after the rendition of judgment, an exception to a decision on the ground that it is not supported by the evidence cannot be reviewed.* — The record showed that the appeal was not taken until more than sixty days after the rendition of the judgment. *Held,* that the appellant is precluded from objecting to the judgment on the ground of its not being supported by the evidence under section 408, division 1, Revised Statutes of Montana (sec. 421, div. 1, Comp. Stats. Mont.).

*What constitutes a judgment roll.* — Under section 294, division 1, Revised Statutes of Montana (sec. 306, div. 1, Comp. Stats. Mont.), the judgment roll in this case consists of the summons, pleadings, findings of the court, exceptions, and a copy of the judgment.

*What findings of a court should contain.* — The findings of the court should contain a concise statement of the several facts found by the court from the evidence, in accordance with the issues raised in the pleadings; and there should not be incorporated in them any evidence introduced.

*Appeal from the District Court, Lewis and Clarke County.*

CHUMASERO & McCUTCHEON, for the appellants.

The statute provides what shall be done in order to make the contingent liability of any indorser absolute. Rev. Stats. 1879, p. 424, sec. 104. To show waiver of demand and notice, there must be clear and unequivocal evidence. 2 Daniel on Negotiable Instruments, p. 135, sec. 1091; 2 Daniel on Negotiable Instruments, p. 143, secs. 1103, 1104; Story on Promissory Notes, secs. 272 et seq.; *Coddington* v. *Davis,* 3 Denio, 16; *Cayuga Co. Bank* v. *Dill,* 5 Hill, 403; *Union Bank of Georgetown* v. *Magruder,* 7 Pet. 287; *Oswego Bank* v. *Knower,* Hill & Denio, 122; *Spencer & Sharp* v. *Harvey,* 17 Wend. 489; *Kent* v. *Warner,* 12 Allen, 561. The presumption that an indorser has waived presentment and notice of non-payment will be rebutted by proof that demand was made and notice given too late. *Bruce* v. *Lytle,* 13 Barb. 163. Waiver of notice is not a waiver of demand. Daniel on Negotiable Instruments, sec. 1096.

TOOLE & WALLACE, for the respondent.

This is an appeal from a judgment, and not from an order overruling a motion for a new trial. All the speci-

fications of error contained in the statement go to the sufficiency of the evidence to support the findings; and as these assignments of error could only be considered on an appeal from an order overruling a motion for a new trial, there is nothing in the case as presented that the court can consider. This question has been repeatedly decided under our practice. Upon the general proposition as to the sufficiency of the letter to justify the finding of a waiver, we submit: 1. That any conduct on the part of an indorser calculated to induce the holder not to make a demand, or protest, or to give notice, dispenses with the necessity of so doing. *Boyd* v. *Bank of Toledo,* 30 Am. Rep. 627; Daniel on Negotiable Instruments, secs. 1103, 1107; 1 Parsons on Bills and Notes, 582; 1 Am. Dec. 99, and note; *Minturn* v. *Fisher,* 7 Cal. 575; *Yeager* v. *Farwell,* 13 Wall. 6.

THE opinion states the case.

McLEARY, J. This was a suit brought on a promissory note for $2,719 and interest, less $1,000 credit. The note was made on the thirteenth day of October, 1884, due in one year, and payable to Arthur W. Sias by Newkirk Brothers. On the 24th of March, 1885, prior to maturity, Sias transferred and indorsed the note to Blessing. The note being unpaid on the 27th of March, 1886, Blessing filed his suit against Newkirk Brothers, and also against Sias as indorser. In order to avoid his neglect of presentment and notice of non-payment, the plaintiff alleges a waiver thereof by Sias, by means of a letter written to him (Blessing) by Sias. Whether or not the letter, by its terms, amounted to a waiver of presentment and notice of non-payment, is the question involved in this cause as here presented.

But we are met at the outset of this investigation by a preliminary question, in the shape of a motion to strike

from the record all contained therein, except the judgment roll; that is to say, the statement on motion for a new trial. It is apparent from the record that no motion for a new trial was ever made in this case, and it is contended that as the only error alleged in the statement consists in the insufficiency of the evidence to support the findings, and as the appeal was not taken until more than sixty days after the judgment, this statement should be stricken from the record as surplusage. "This court cannot review any question of fact, if there is no appeal from an order granting or refusing a motion for a new trial. The facts stated in the findings of the court must be regarded as true; and we cannot consider on this appeal the insufficiency of the evidence to support the findings." *Allport* v. *Kelly*, 2 Mont. 343; *Chumascro* v. *Vial*, 3 Mont. 376; *Twell* v. *Twell*, 6 Mont. 19; *Alder Gulch Con. Min. Co.* v. *Hayes*, 6 Mont. 31; *Porter* v. *Clark*, 6 Mont. 246. On these authorities this motion must be sustained, and the statement stricken from the record.

We have, then, before us the appeal from the judgment and the record containing the judgment roll alone. And it is laid down in our statute, "an exception to the decision or verdict, on the ground that it is not supported by the evidence, cannot be reviewed on an appeal from the judgment, unless the appeal is taken within sixty days after the rendition of the judgment." Rev. Stats. Mont., p. 120, sec. 408. Then the appellant is precluded from objecting to this judgment because it is not supported by the evidence, this appeal not having been taken until nearly six months after the rendition of the judgment.

Under the statute the judgment roll in this case is constituted of the summons, pleadings, findings of the court, exceptions, and a copy of the judgment. Rev. Stats. Mont., p. 95, sec. 294. The findings of the court should contain a concise statement of the several facts

found by the court from the evidence, in accordance with the issues raised in the pleadings; but the findings should not incorporate within themselves the evidence, either verbal or written, which has been introduced on the trial. Only the ultimate facts should be stated in the findings. Then, although the letter, which it is claimed by respondent constitutes the waiver of presentment and notice, is found incorporated in the findings of the court, it properly has no place therein. It cannot be regarded as a constituent part of the judgment roll; and the judgment roll alone is before us for review.

Then from the pleadings, findings proper, and the judgment, we can find no error in the judgment of the court below, and it is therefore affirmed, with costs.

*Judgment affirmed.*

McCONNELL, C. J., BACH, J., and GALBRAITH, J., concur.