## EMERSON, APPELLANT, *v.* ELDORADO DITCH COMPANY, RESPONDENT.

[Submitted March 20, 1896. Decided May 4, 1896.]

APPEAL—*Time for taking—Review of errors in statement.*—A statement on appeal containing the evidence and the exceptions saved by the appellant is a part of the judgment roll, and where no motion for a new trial is made, or appeal taken within sixty days, the errors alleged in the bills of exception, contained in the statement, may be reviewed on an appeal from the judgment taken within one year after the rendition thereof. (*Lockey* v. *Horsky,* 4 Mont. 463; *Twell* v. *Twell,* 6 Mont. 19; *Kleinschmidt* v. *Iler,* 6 Mont. 123, reviewed and explained.)

SAME—*Agreed statement part of judgment roll.*—Where neither the testimony offered by the plaintiff and defendant is contradicted by the adverse party, the testimony before the court becomes virtually an agreed statement of facts, and as such is properly a part of the judgment roll. (*Hartman* v. *Smith,* 7 Mont. 19, cited.)

SAME—*Directing verdict—Non-suit.*—Where there is no conflict in the evidence and the court directs a verdict and decides the case either for plaintiff or defendant, this is equivalent to a judgment of non-suit and reviewable as such on appeal. (*McKay* v. *Montana Union Ry. Co.,* 13 Mont. 15; *Creek* v. *McManus,* 13 Mont. 152, cited.)

SAME—*Ruling on non-suit—Review.*—The ruling on a motion for a non-suit may be reviewed either on motion for a new trial or on an appeal from the judgment. (*Kleinschmidt* v. *McAndrews,* 117 U. S. 282, *McKay* v. *Montana Union Ry. Co.,* 13 Mont. 15, cited.)

SAME—*Specification of error—Sufficiency.*—A specification of error in the statement on appeal that "The court erred in overruling and denying plaintiff's motion for judgment at the close of defendant's case" is sufficient to permit a review of the ruling.

WATER DITCH—*Right to construct—Eminent domain.*—Section 1240, Fifth Division of the Compiled Statutes, conferring upon any person owning lands without available water facilities upon the same, an absolute right of way over the lands of others for the purpose of constructing ditches, does not by the mere force of its terms permit one to dig a ditch upon the lands of another, but permits the exercise of the right after proper proceedings in eminent domain.

SAME—*Damages—Judgment.*—Where the defendant constructed and maintained a ditch across the plaintiff's land without legal right to do so, causing damages by overflow, plaintiff was entitled to a judgment for the amount of damages claimed, where the defendant, on the trial, admitted that plaintiff was the owner of the land at the time of its appropriation of the water; that it had constructed the ditch without plaintiff's consent, and that the damage was to the extent claimed.

*Appeal from Eleventh Judicial District, Teton County.*

ACTION for damages for constructing and maintaining ditches across plaintiff's land. Judgment was rendered for the defendant below by DU BOSE, J. Reversed.

Statement of the case by the justice delivering the opinion.

Plaintiff's complaint is, in substance, that the defendant entered upon certain lands belonging to and in her possession,

and, without any right, dug a ditch across the same and
diverted water by means thereof from the channel of a certain
stream; that defendant allowed the water from said ditch to
overflow a meadow of plaintiff's said lands, causing injury to
her hay crops to the extent of $750; that defendant continues
to maintain said ditch across said lands, and overflow plaintiff's
lands.   The relief prayed for is that the ditch be declared a
nuisance, that defendant be prohibited and restrained from
maintaining the same, and that plaintiff be adjudged to recover
the damages aforesaid.

Defendant filed an answer, denying the allegations of the
complaint, and setting up that prior to plaintiff's acquiring a
title to the lands aforesaid, and while they belonged to the
United States, it had dug and constructed the ditch complained
of, and appropriated by means thereof a water right.   Plaint-
iff filed a replication to the answer, denying its allegations.
A jury was impaneled and sworn, and the trial commenced.
One witness was called for the plaintiff, who testified as to the
amount of damage caused by the overflow of the ditch.   At
this stage of the proceedings, defendant made a motion for a
judgment on the pleadings.   The court thereupon denied the
motion for judgment on the pleadings, but took the case from
the jury, and announced that judgment would be given for the
defendant if it would prove that its water right had been
appropriated to some useful purpose.   To the court's action
in taking the case from the jury, and its announcement as to
the only issue on which testimony was to be heard, the plaint-
iff objected and preserved exceptions.   Defendant then admit-
ted that plaintiff was the owner of the land at the time of its
appropriation of water, that it had constructed its ditch with-
out her consent, and intended to use the same in the manner
alleged, and that the overflow from said ditch had, as claimed,
damaged her to the extent of $750.   Plaintiff rested.

Certain evidence was then admitted in behalf of defendant,
most of it under objections and exceptions duly taken.   This
evidence, in substance, was to the effect that in the year 1883
certain persons had dug a ditch, and appropriated, by means

thereof, a water right, and that thereafter a corporation was organized, and the persons who had acquired the water right aforesaid conveyed the same to said corporation.   There was nothing in this evidence to show that the persons who appropriated it owned any lands at the time of their appropriation, but it inferentially appears that these persons had made this appropriation for the purpose of reclaiming desert lands.   The evidence further shows the stockholders in this corporation at time of the trial owned tracts of desert lands irrigated by means of the aforesaid ditch.

Plaintiff put in no evidence in rebuttal, and, at the close of defendant's testimony, moved the court for judgment.   The court denied plaintiff's motion, and rendered judgment for the defendant.   Plaintiff saved exceptions.   There was no motion for a new trial.   Plaintiff appealed some 11 months after judgment against her.

*J. G. Blair* and *Ed. L. Bishop*, for Appellant.

*Ransom Cooper* and *John B. Clayberg*, for Respondent.

PER CURIAM.—No motion for a new trial having been made, and no appeal having been taken within 60 days, the respondent contends that the statement on appeal does not present the evidence for review.   In support of this contention, subdivision 1 of section 421 of the Code of Civil Procedure (Compiled Statutes Montana) is cited.   It is as follows :

"An appeal may be taken, first, from the final judgment in an action or special proceeding commenced in the court in which the same is rendered within one year after the entry of judgment.   But an exception to the decision or verdict on the ground that it is not supported by the evidence cannot be reviewed on an appeal from the judgment, unless the appeal is taken within sixty days after the rendition of the judgment."

This section has been eliminated from the new Code of the state.   In California, in connection with other sections of its statutes, it has a recognized function of its own, and there,

on an appeal taken within the 60-day limit prescribed, the trial evidence embodied in a statement on appeal can be reviewed, to ascertain whether it supports a verdict or decision. (See Hayne on New Trial and Appeal, the latter part of section 96, and section 258.) Before the adoption of the California Code, the rule under the old practice act of that state was that the question of the insufficiency of the evidence to justify a verdict or decision could be raised only after a motion for a new trial, and an appeal from the order in relation thereto. But the Code of California finally, by describing two kinds of exceptions, namely, exceptions to decisions upon matters of fact (see Code Civil Procedure California, §§ 647, 648; and Hayne, New Trial and Appeal, § 258), extended the scope of the mode of review of the insufficiency of evidence on appeal.

The new Montana Code of Civil Procedure (1895) in sections 1151 and 1152, includes the California (sections 647 and 648.) Section 290 of the Code of Civil Procedure (Compiled Statutes Montana) was identical with the California (section 647), but section 292 of said Code of Civil Procedure of Montana was as follows: ''No particular form of exception shall be required. The objection shall be stated with so much of the evidence or other matter as is necessary to explain it, but no more, and the whole as briefly as possible.''

Section 1152 of the new Montana Code of Civil Procedure is as follows: ''No particular form of exception is required, but the grounds of objection shall be particularly stated, except as provided in the next preceding section, and when the objection is to the verdict or decision upon the ground of the insufficiency of the evidence to justify it, the objection must specify the particulars in which such evidence is alleged to be insufficient. The objection must be stated with so much of the evidence taken from the stenographer's notes, or other matter, as is necessary to explain it, but no more. Only the substance of the reporter's notes of the evidence shall be stated or used as evidence. Documents on file in the action or proceeding may be copied or the substance thereof stated, or

a reference sufficient to identify them may be made when that will sufficiently present the objections and exceptions.''

The new Code of this state, therefore, recognizes the two kinds of exceptions mentioned above. This is somewhat of a digression, but it is a matter of interest to practitioners.

If, by reason of the adoption of section 1152, of the Code of Civil Procedure of 1895, which is substantially the same as section 648 of the Code of Civil Procedure of California, and adds to section 292 of the Code of Civil Procedure (Compiled Statutes Montana,) it should be held in this jurisdiction that the sufficiency of the evidence to support a verdict or decision can be raised by a bill of exceptions, as well as on appeal from an order in reference to a new trial, the time in which an appeal could be taken would apparently be one year, instead of sixty days. This would result from the elimination from the new Montana Code of subdivision 1 of § 421, Code Civil Procedure (Compiled Statutes.)

We know of no case in Montana prior to the adoption of the Code of 1895, holding that evidence can be reviewed for the purpose of determining whether it supports a verdict or decision, without being embodied in a statement on motion for a new trial. The Montana decisions as to the review of evidence on appeal seem to have followed the decisions of California under the old practice act, and to be based wholly on section 296 of said Code of Civil Procedure (Compiled Statutes), which, in stating the grounds on which a new trial may be asked, in subdivision 6, says: ''Insufficiency of the evidence to justify a verdict or other decision, or that it is against law.'' The force and effect of said subdivision 1 of section 421, and perhaps, also, section 290, of the Code of Civil Procedure (Compiled Statutes), was apparently ignored, in so far as the question of a review of the insufficiency of the evidence being had on an appeal from the judgment with a statement on appeal is concerned.

We will proceed to a discussion of the Montana decisions which respondent further relies upon to sustain its contention that no review of the evidence can be had in this case, because

there was no motion in the lower court for a new trial. The following are cited: *Allport* v. *Kelley*, 2 Mont. 343; *Chumasero* v. *Vial*, 3 Mont. 376; *Largey* v. *Sedman*, *Id.*, 472; *Broadwater* v. *Richards*, 4 Mont. 52; *Lockey* v. *Horsky*, 4 Mont. 457; *Territory* v. *Young*, 5 Mont. 245; *Twell* v. *Twell*, 6 Mont. 19; *Alder Gulch Mining Co.* v. *Hayes*, 6 Mont. 31; *Porter* v. *Clark*, 6 Mont. 246; *Blessing* v. *Sias*, 7 Mont. 103; *Lloyd* v. *Sullivan*, 9 Mont. 588; *Beatty* v. *Murray Placer Mining Co.*, 15 Mont. 314; *Kleinschmidt* v. *Iler*, 6 Mont. 122. Expressions in several of them are ambiguous, and, in order that their meaning may be made clearer, we will discuss them somewhat in detail. Their underlying principle is still a vital one, and by no means to be disregarded in interpretations of the exception, new trial, and appeal provisions of our recently adopted Code.

Section 295 of the Code of Civil Procedure (Compiled Statutes), which is retained in our new Code of Civil Procedure (section 1170) is as follows: "A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury, court or referees."

It necessarily follows, from this definition, that the main purpose of a motion for a new trial is to obtain a re-examination, a re-determination, of an issue of fact, that is, a retrial to determine the existence or nonexistence of an alleged fact, which has been both asserted and denied. A new trial and a motion therefor, eliminating the idea of any mere question of law as applicable to facts, have to deal with a dispute in evidence, and an exception to a decision or verdict on a matter of fact. Bearing this in mind, a conception of what is meant by the term "insufficiency of the evidence to justify the verdict or decision" causes less difficulty. The question of the insufficiency of the evidence to justify the verdict or decision grows out of an issue, a conflict and dispute as to a fact, and it has nothing to do, save incidentally, with a fact conceded to exist actually or hypothetically, for the purpose of obtaining a ruling of law. Hence, where an objection is made to the admissibility of evidence, which is sustained or overruled, an excep-

tion being properly saved, the truth of the evidence offered must be assumed, on review of the error alleged, in connection with the ruling; and to hold that evidence presented to explain such an exception cannot be reviewed, unless contained in a statement on motion for a new trial, brought up in a transcript on appeal from the order denying or granting a new trial, would be absurd. Of course, when incompetent, or sometimes immaterial, evidence is admitted, or proper evidence erroneously excluded, on the ground of incompetency, irrelevancy or immateriality, and the right of a party is substantially impaired thereby, a new trial may be properly asked, under the statutes regulating new trials and motions therefor; and, if the request be granted, the verdict or decision on the conflict or issue of fact, previously unfairly arrived at by reason of the exclusion of proper evidence or the admission of improper evidence, be rectified. But because this is true it does not follow that the question of the admissibility or non-admissibility of evidence can only be considered and raised on an appeal from an order denying or granting a new trial.

If the substantial rights of a party to a suit have been materially affected by the admission of improper, or the exclusion of proper, evidence, only a question of law is presented for appellate review; and this review may unquestionably be had when a bill of exceptions, properly a part of the judgment roll, brings evidence up for the purpose. No question of the insufficiency, as that term is used in the statutes, arises as to the evidence. Of course, upon a review of the question as to whether evidence is admissible or not, the appellate court, even if satisfied that error has been committed, will never set aside a verdict or decision, unless satisfied that the party complaining of a ruling has been seriously affected by it. Unless this were true, the rule of review of exceptions of this character might be so liberally interpreted as to do away with any necessity of a motion for a new trial, and the saving of an exception to a decision or verdict on a matter of fact. This line of reasoning is applicable to several of the various other grounds on which a motion for a new trial may be based, but

it is not necessary to apply it specifically. The reluctance on the part of an appellate tribunal to review evidence as to its insufficiency to justify a verdict, and, as a corollary, a decision or findings of a trial court, as contradistinguished from its judgment, is based, to a large extent, upon the principle that jurors who render a verdict upon proper evidence, or even improper (which may be made proper by being unobjected to), are the judges of the truth or falsity or evidence in the determination of an issue of fact. But inasmuch as it is the province of the courts to instruct a jury as to what is the law in reference to facts found to be true, errors in law, however they may be blended with the ultimate determination of issues of fact, are peculiarly within the province of consideration by appellate tribunals, and, when found to be actually prejudicial to litigants, should always be corrected. Such correction in no way trenches upon the right to a trial of an issue of fact by a jury, and, though in the correction a new trial may often result incidentally, without the statutory interposition of a motion therefor, under such conditions, to adhere to a doctrine that error in law must first be embodied in a statement on motion for a new trial, and passed upon by a trial court, would be to ignore and impair the legitimate powers of the higher tribunal itself. Therefore, while there are many errors in law made proper grounds for a motion for a new trial, and reviewable upon appeals from the orders on such motion, these same errors are also independently cognizable by appellate tribunals.

The question presented on a motion for a nonsuit is one of law. The ruling on a motion for nonsuit may be reviewed either on motion for new trial, or on an appeal from the judgment. (Hayne on New Trial and Appeal, § 112; *Kleinschmidt* v. *McAndrews*, 117 U. S. 282; 6 Sup. Ct. 761; *McKay* v. *Montana Union Ry. Co.*, 13 Mont. 15.) Error in nonsuit may be reviewed by statement on appeal. (*Mercantile Co.* v. *Fussy*, 13 Mont. 401, *Gilliam* v. *Black*, 16 Mont. 217.) On motion for a nonsuit, everything the evidence tends to prove is assumed to be true on appeal. (*Herbert* v. *King,*

1 Mont. 475; *Gans* v. *Woolfolk*, 2 Mont. 463; *McKay* v. *Montana Union Ry. Co.*, 13 Mont. 15; *State ex rel. Pigott* v. *Benton*, 13 Mont. 306.)

In this review of an order granting or refusing a nonsuit is a clear illustration of the principle upon which the appellate court regards testimony, when an error of law in connection with it comes up for review. No question of conflict in evidence is presented; no question of "insufficiency," as that word is used in the statutes relating to a new trial. However, there are certain expressions in some of the cases respondent cites from which an inference might be drawn that exceptions to the admissibility of evidence can only be considered when embodied in a statement on motion for a new trial.

In the case of *Lockey* v. *Horsky*, 4 Mont. 463, we find this language : "And as to the error urged in the admission of improper evidence, there is no statement on motion for a new trial. It will be assumed that the court below proceeded correctly."

In *Twell* v. *Twell*, 6 Mont. 19, we find this language: "We have repeatedly held that the evidence could not be reviewed, unless brought here on a motion for a new trial. * * * The theory is that, before the testimony can be reviewed here, the lower court must have had an opportunity to have reviewed its own errors, and this, so far as the testimony is concerned, can only be done on motion for a new trial."

In *Kleinschmidt* v. *Iler*, 6 Mont. 123, we find this language: "If the appellant objected to the testimony, or any part thereof, for incompetency, and an exception had been saved before the referee, or for that the same did not support the findings, he ought to have made his objection and saved his exception before the rendition of the judgment, and then, by bringing the testimony before the court on motion for new trial, had these decisions and rulings reviewed. There was no motion for a new trial. * * * This court reviews the decision of the lower court, but that court must first have an opportunity to correct its own errors. * * * By taking

the proper action, and saving his objections as the law requires, he might have had all these questions—the competency of the evidence before the referee, its sufficiency to support the findings, the propriety of granting or refusing a motion for a new trial—reviewed and determined by this court.''

But the language quoted from these cases does not justify the inference that the judges who used it intended to hold that errors of law arising from the admission or exclusion of evidence, or rulings on conceded facts, could not be reviewed unless presented in statements on motion for new trial. The expressions referred to were used inadvertently, and, from an inspection of the whole line of decisions *supra*, we are satisfied that the principle on which they were based was simply that no review of an issue of fact decided by a jury or trial court could be entertained, unless presented in a statement on motion for a new trial on appeal from an order granting or denying a new trial,—in other words, the question of the insufficiency of the evidence to justify a verdict or decision must have been directly raised by a strict compliance with the provisions of the statute regulating new trials, before it could be examined on appeal. There must have been a direct—not a collateral—attack on evidence, in so far as the insufficiency of it is concerned, before a review of it on that ground could be entertained. An exception to a decision or verdict upon a matter of fact, as distinguished from one on a matter of law, must have been saved as a condition precedent to such review.

The record on appeal in this case consists of the pleadings, the judgment, and a statement on appeal, containing the evidence and the exceptions saved by appellant. This statement on appeal is practically a part of the judgment roll. (See Hayne on New Trial and App. § 252.) The California statute which Hayne cites to show this was identical with section 436 of the Code of Civil Procedure (Compiled Statutes Montana), which is as follows: ''A copy of the statement shall be annexed to a copy of so much of the judgment roll as shall be included in the transcript on appeal, if the appeal be from the judgment; if the appeal be from an order, to a copy of such

order.'' It is to be noted that said section 436 has not been carried forward into the new Code of this state.

The statement being a part of the judgment roll, the various bills of exceptions contained in it are now before us for review of the errors alleged therein.

There was no conflicting evidence before the trial judge when he rendered judgment for the defendant, the respondent here. The testimony offered by the plaintiff, the appellant, was uncontradicted, and admissions were also made by respondent in plaintiff's behalf. Nor was there any contradiction of the testimony offered by respondent, although it was admitted after numerous objections. The testimony before the court was virtually an agreed statement of facts. An agreed statement of facts properly belongs to the judgment roll. (*Hartman* v. *Smith*, 7 Mont. 19.)

Where there is no conflict in the evidence, and the court directs a verdict, and decides the case either for plaintiff or defendant, it is equivalent to a judgment of nonsuit, and reviewable as such on appeal. (*McKay* v. *Montana Un. Ry. Co.*, 13 Mont. 15; *Creek* v. *McManus*, 13 Mont. 152.)

The plaintiff, at the close of defendant's testimony, made a motion for judgment on several grounds, one of them being that ''it had not been established that the defendant had ever become entitled to a right of way across the lands of the plaintiff.'' The specification of error in the statement on appeal is as follows: ''The court erred in overruling and denying plaintiff's motion for judgment at the close of defendant's case.'' Respondent urges that this specification of error is not sufficient. We do not agree with the contention, and hold that it is. (See *Donahue* v. *Gallavan*, 43 Cal. 573.)

The undisputed facts show that defendant's predecessors in interest, constructed a ditch across the lands of the plaintiff without right or authority to do so, and that it (defendant) continues to maintain said ditch without the consent of the plaintiff, and without any legal right to do so. The evidence also fails to show that the original proprietors of the water right of defendant were the owners and holders of any land

which required irrigation at the date of their appropriation. The court in its decision no doubt had in view section 732, Revised Statutes Montana, 1879, which appears as section 1240, division 5, Compiled Statutes Montana, and which conferred the right upon any person, corporation, or company, owning or holding lands without available water facilities upon the same, an absolute right of way over the lands of others, for the purpose of constructing ditches, by which to appropriate water rights. Giving full force to said section, it cannot be seriously contended that, by the mere force of said statute, one person could go upon the lands of another, without his consent, and dig a ditch. Before such a right could have been exercised, it should have been definitely ascertained by a proper proceeding in eminent domain. As has been stated, the evidence of the defendant shows that it never acquired the right to dig the ditch over the plaintiff's lands, either itself or through its predecessors in interest. Plaintiff's motion for judgment at the close of defendant's testimony should have been granted.

There are other errors alleged and relied on by appellant, but the ground for reversal just stated disposes of the whole controversy, and it is unnecessary to enter into a discussion of them.

The judgment is reversed, and the cause is remanded, with directions to enter judgment for the plaintiff, as prayed for in the complaint.

*Reversed.*

DE WITT, J., being disqualified, takes no part in the foregoing decision.