## McKAY, APPELLANT, v. MONTANA UNION RAILWAY COMPANY, RESPONDENT.

[Argued November 14, 1892. Decided December 31, 1892.]

NONSUIT— *Verdict directed for defendant.* — A judgment entered upon a verdict which was directed for defendant upon motion at the close of the introduction of both plaintiff's and defendant's testimony, upon the ground of want of sufficient proof on the part of plaintiff to support the material allegations of his complaint, is in effect a judgment of nonsuit and will be reviewed as such on appeal.

SAME— *Practice — Directing verdict.* — Where a defendant upon the failure of the plaintiff to prove a sufficient case for the jury, exercises his option to leave the case with the jury or the court for judgment on the merits, relying as well upon the proofs offered for the defense as well as upon the weakness of plaintiff's case, the decision in such event should not come from the jury, if there be one, by positive direction of the court, as such direction would leave the jury no power to render a verdict on the merits.

APPEAL— *Nonsuit — Record on appeal.* — The record on appeal from a judgment of nonsuit where proof was introduced by defendant should contain all of plaintiff's evidence, and if the defendant, by the proof which it saw fit to introduce, aided plaintiff or supplied any deficiencies in his proof, plaintiff would be entitled to have such testimony of defendant also made a part of the record.

SAME— *Same — New trial — Bill of exceptions.* — An order granting a motion for a nonsuit, if erroneously made, is an error in law occurring at the trial under section 296 of the Code of Civil procedure, and is subject to review on motion for a new trial, as well as on direct appeal; and a bill of exceptions is available to bring up the record on which the motion for a nonsuit was granted.

SAME— *Bills of exception — Settlement — Notice.* — Under section 5 of the Act of September 14, 1887 (Extra Sess.), the adverse party is entitled to notice of the presentation and settlement of a bill of exceptions prepared from the stenographer's notes after the trial, in order that he may have an opportunity to examine the proposed bill and offer or suggest amendments, and where such notice is not given the testimony contained in such bill of exceptions will upon motion be stricken from the record on appeal.

*Appeal from Second Judicial District, Silver Bow County.*

Action for damages for personal injuries. Judgment was

entered on a verdict directed for defendant by McHatton, J. On motion to strike testimony from the record on appeal. Granted.

*J. S. Shropshire,* for the motion.

*W. I. Lippincott, contra.*

Harwood, J.—It appears from the complaint in this action that while appellant was in the employ of respondent he received certain personal injuries, alleged to have been sustained through the negligent and careless conduct of defendant's agents and servants, and this action is brought to recover damages therefor. At the close of the trial, defendant moved the court to direct the jury to return a verdict for defendant, "for the reason that the testimony of plaintiff shows that he was assisting to propel the car in question, and that, whatever rate of speed it attained, he assisted therein, without objection or protest; that, if he was injured in the manner claimed he contributed thereto; and for the further reason that there is no testimony showing any actual neglect on the part of plaintiff's fellow servants." The motion was sustained, and the jury, being so instructed, returned their verdict accordingly; whereupon judgment was entered in favor of defendant, and plaintiff appealed from the judgment.

The present consideration relates entirely to a question of practice, arising on motion of respondent to strike from the record all that portion which purports to recite evidence introduced on the trial of the cause. As ground for this motion, respondent's counsel insists that such testimony has not been properly made a part of the record for the purpose of the review sought on this appeal, by statement on motion for new trial, or appeal, prepared, served, and settled as provided by law, nor by bill of exceptions prepared and settled and allowed as provided by law. The record upon which the appeal is presented is denominated "plaintiff's bill of exceptions," which includes, first, the pleadings upon which the trial was had, consisting of the complaint, answer, and replication. Following the pleadings is a narrative of what purports to be the testimony introduced on behalf of plaintiff and defendant, comprising about eighty pages of the record.

It appears in the narrative of the proceedings that at the close of the introduction of testimony on behalf of plaintiff, counsel for defendant said: "I had intended to move the court for a nonsuit at this stage, but I will reserve the right, after the close of our testimony, to move the court to direct a verdict for defendant." The record then recites the testimony offered by defendant by way of the examination of several witnesses, and the introduction of the deposition of one witness not present. When defendant closed the introduction of testimony, plaintiff was recalled, and testified in rebuttal. Then follows a statement that, the "testimony having been introduced, defendant moved the court to instruct the jury to return a verdict for defendant, which motion, after argument by counsel and consideration by the court, was by the court sustained, and it was ordered by the court that the jury return a verdict for the defendant; to which order of the court, sustaining the said motion, and ordering the jury to return a verdict as aforesaid, the plaintiff then and there duly excepted, and now, within the time allowed by the court, asks that this, his bill of exceptions, be signed and allowed, which is done accordingly. Signed this 19th day of July, 1892. J. J. McHatton, Judge." At the close of the narrative of testimony is a certificate by the official court stenographer, to the effect that "the above and foregoing is a true, full, and correct transcript of my notes (in narrative form) of the testimony given at the trial of the above-entitled action in said court, to the best of my skill and ability."

It seems necessary, as the first step in the consideration of the question of practice raised herein, to classify the order of the court determining the case upon trial in favor of defendant. The Code of Civil Procedure defines the practice whereby an action is instituted, and carried on through all its stages to final determination. The Code has provided for cases "when, upon the trial, the plaintiff fails to prove a sufficient case for the jury." The remedy prescribed for such an event is judgment of nonsuit. (Code Civ. Proc. § 242; *Garver* v. *Lynde*, 7 Mont. 108.) Defendant's motion in this case, at the close of the introduction of evidence, was based upon the ground of want of sufficient proof on the part of plaintiff to support the material allegations of his complaint. If that was the condition of

plaintiff's case when he closed the introduction of evidence on his behalf, there was no occasion for offering any proof on behalf of defendant. If plaintiff had made out such a case by proof as to require proof from defendant to rebut or counteract the tendency of plaintiff's proof, a nonsuit, or a positive direction to the jury to return a verdict for defendant, under such conditions, would be improper. If there was any occasion for proof from defendant to counteract the effect of plaintiff's proof, then thereby would be produced a conflict in the tendency of the proof offered from each side, and that conflict would be a matter for the jury to pass upon, in the exercise of its function in the trial. This would forbid a nonsuit, or an order directing the jury to return a verdict for defendant. Either determination in that manner is by the court, and proceeds, if correct, upon the ground that there is no sufficient proof offered by plaintiff in support of his complaint to put the jury upon the consideration of the question whether the complaint is established or no. Why, then, should the court require the jury to return a verdict for defendant? This order simply makes the jury the passive clerical agent of the court, to announce its conclusion that the plaintiff has failed to "prove a case sufficient for the jury;" and after all, such verdict being nothing more than the determination of the case by the court, on the ground which calls for nonsuit, we think it should be classified as a nonsuit.

The ground on which the court was asked to direct a verdict for defendant in this case was that plaintiff had failed to produce evidence tending to establish negligence on the part of defendant's agents and servants; moreover, that the proof offered by plaintiff tended to show that he, with some of his fellow laborers of equal rank, voluntarily, and without stress of circumstance, condition, or command, and unnecessarily, so far as any reason shown, propelled the hand car on which they were going to their place of work, down a grade, at a dangerous rate of speed, whereby plaintiff received the injuries complained of, while voluntarily engaged with the others in taking this adventurous ride, at such unnecessary and hazardous rate of speed, which plaintiff, without protest, helped produce by his own efforts at the car handles. If plaintiff's evidence tended to prove a state of facts contrary to the essential allegations of his

complaint, it failed in its tendency to establish the material allegations of the complaint, and such a condition is ground for nonsuit. (Code Civ. Proc. § 242.) These observations are not to be understood as holding it to be obligatory on the defendant, in such an event, to move for nonsuit. There is no doubt that he can exercise his option to leave the case with the jury or court if no jury is called, for judgment on the merits, relying on the weakness of plaintiff's case, as well as the proof offered by defendant. But the decision, in such event, should not come from the jury by positive direction of the court. Such direction leaves the jury no power to consider and render a verdict on the merits. (*Wood* v. *Ramond*, 42 Cal. 643.) The practice of ordering a verdict for defendant in a civil action, where plaintiff fails in the required proof to sustain his case, has doubtless crept into the civil practice from the procedure in criminal cases, where the doctrine of jeopardy and the presumption of innocence are powerful factors in shaping the practice in that branch of the law. The determination of this case being in effect a nonsuit, based upon the ground that there was a want of proof on the part of plaintiff, a review of that order will undoubtedly require a review of at least all the evidence introduced by plaintiff; and plaintiff may take advantage of evidence introduced by defendant, for if defendant, by the proof which it saw fit to introduce, aided plaintiff, or supplied any deficiencies in his proof, plaintiff is entitled to the benefit thereof on motion for nonsuit.

The question raised is whether the record of the evidence introduced on the trial has been so prepared as to place the same properly before this court for such review, to consider whether the court was right in its summary determination of the case. In presenting this question, considerable argument was had as to whether the proceedings resulting in a nonsuit could be properly classified as a "trial;" and thereon hangs the further question whether the ruling of the court in ordering a nonsuit could be reviewed on motion for a new trial, or whether it must be reviewed on appeal from the judgment, with a statement of the case on appeal, bringing up the record on which the motion was granted, and whether a bill of exceptions was available to bring up the record on which the nonsuit was granted. The opinion delivered in the case of *Kleinschmidt* v.

*McAndrews*, 4 Mont. 8, was the source of much embarrassment to counsel in seeking satisfactory answer to these questions, for it appears to be held in that case that the proceedings resulting in a judgment of nonsuit for want of sufficient evidence cannot properly be denominated a "trial," in the sense of that term as used in the statute providing for new trials, and therefore that such determination cannot be reviewed on motion for new trial, for such motion is directed to the re-examination of an issue of fact, "after a trial and decision by a jury, court, or referees." It was further held in that case that a bill of exceptions was not available to bring up the record on which motion for non-suit was granted, because the exception under the statute was to be taken during the trial, and that, in the nature of things, the exception to the granting of a nonsuit could not be taken during the trial.

In respect to these propositions announced in *Kleinschmidt* v. *McAndrews*, it suffices to observe, in passing, that since that decision, at the January term, 1881, of the Supreme Court of Montana, the statute providing for new trials has been amended by adding three subdivisions to section 296 of the Code of Civil Procedure, so as to allow a new trial on the ground of "excessive damages;" "insufficiency of evidence to justify the verdict, or other decision, or that it is against law," and "error in law occurring at the trial and excepted to by the party making the application." This amendment was approved in February, 1881, and of course had no effect on the case of *Kleinschmidt* v. *McAndrews*. In California, under a like statute for new trials, an order granting a motion for nonsuit is held to be an "error in law occurring at the trial," if erroneously made, and is subject to review on motion for new trial. It is also there held that the granting of nonsuit may be reviewed on an appeal from the judgment, by bringing up the proper record with the judgment roll. (Hayne on New Trial and Appeal, §§ 100, 112–119 inclusive, and cases cited.) It should also be further observed that *Kleinschmidt* v. *McAndrews* was overruled on appeal to the Supreme Court of the United States, at least as to its application of the rules of practice laid down in that case (117 U. S. 282), the Supreme Court of the United States holding that the case was properly brought before the Supreme

Court of Montana by the bill of exceptions in the record, and should have been reviewed on the merits. And it must be borne in mind that, since that case was determined, a statute has been enacted providing for the preparation, settlement, and allowance of bills of exceptions from the stenographer's notes, after the trial, as will be noticed below.

It is unnecessary to consider all the questions of practice propounded in the argument, and therefore a treatment of them here might justly be open to the criticism of being *dictum.* Reference is made to the case of *Kleinschmidt* v. *McAndrews,* and the changes in the law since made, in order to explain its seeming variance with what may be held in subsequent cases. We therefore proceed to the consideration of the precise question raised here, namely, whether the bill of exceptions tendered in this record has been prepared, settled, and allowed in the manner provided by law. On the argument of the motion under consideration, counsel for respondent complained that no notice or knowledge of the preparation, presentation, or settlement of the bill of exceptions set out in the record came to respondent or its counsel until after the bill of exceptions had been prepared and signed, and the notice of appeal was served, which knowledge was gained through an examination of the record presented on appeal. This statement was not questioned on the argument of the motion, nor is there anything in the record showing the contrary. The bill of exceptions in the record is prepared from the stenographer's notes after trial. The insertion of the pleadings in such bill was superfluous, as the pleadings constitute part of the judgment roll, and are properly part of the record on appeal from the judgment, without being incorporated in a bill of exceptions. As a bill of exceptions prepared from the stenographer's notes after the trial, the bill tendered in this case does not conform to the requirement of the statute providing for the preparation, settlement, and allowance of a bill of exceptions from the stenographer's notes, after the trial, as follows: "The said stenographer, during the trial of any action or proceeding, shall write down in stenographer's notes all objections and exceptions taken, and thereafter a transcript of such notes, or so much thereof as may be pertinent to the point of such objection and

exceptions, may be embodied in a bill of exceptions, and signed by the judge at any time during the same term of court, or within ten days thereafter, on notice to the attorney of the adverse party, if he have one, otherwise to such adverse party; and an exception so noted by the stenographer, and thereafter embodied in a statement of the case, on the minutes of the court, shall be a good exception for all purposes, in all cases, civil or criminal." (Laws Extra Sess. 1887, p. 82, § 5.) This statute requires notice to the adverse party of the presentation and settlement of such bill of exceptions. Such notice was undoubtedly intended to enable the adverse party to examine the proposed bill, and be heard in the settlement thereof, to the end that the case presented on appeal for review shall conform fully and truly to the case passed upon by the court below. When a bill of exceptions is settled during the trial, the adverse party has such opportunity ( *Wetherbee* v. *Carroll*, 33 Cal. 552), and this statute provides therefor, in case it is settled from the stenographer's notes after the trial. In California, by provision of the Code adopted since the case of *Wetherbee* v. *Carroll* was decided, a bill of exceptions prepared and settled after the trial must be prepared and served on the adverse party or counsel, who may offer amendments, and thereafter the bill is settled by the judge, on notice to the parties, very much in the manner provided in our Code for the settlement of a statement on motion for new trial. (Hayne on New Trial and Appeal, §§ 256–260.) Our statute has not so explicitly provided the details of practice for the settlement of a bill from the stenographer's notes, after trial, but has provided for notice to the adverse party, and left the court or judge to control the details of practice in such a way as to enable the adverse party to examine the proposed bill, and offer or suggest amendments; otherwise, the notice required by statute would be in vain. However faithfully a stenographer endeavors to transcribe a voluminous transcript of testimony, delivered by questions and answers, and at the same time render the meaning of the witnesses in narrative form, mistakes may occur. The stenographer may conceive the meaning quite different from what the witness intended, and different from what was understood by the court, jury, or counsel, and thus unconsciously make the narrative depart from the

true meaning of the witness.   For these reasons the adverse party should have an opportunity to carefully examine the narrative of the evidence proposed to be presented to the appellate court for review on appeal, and be given an opportunity to suggest amendments to make the same conform to the true meaning of the witness.   The law has not been complied with in preparing the record of evidence presented in this case, and therefore we are of opinion that the motion to strike the same from the record on appeal should be sustained; and it is so ordered.

*Motion granted.*

BLAKE, C. J., concurs.