JOHN MURRAY, APPELLANT, *v.* S. T. HAUSER (IMPLEADED WITH OTHERS), RESPONDENTS.

[Submitted May 3, 1898. Decided May 9, 1898.]

*Service of Statement—Presumption of Regularity—Jurisdiction—Findings by Court, After Disagreement of Jury—Preparation of Statement.*

1. SERVICE OF STATEMENT—*Presumption of Regularity.*—When the Judge, or Court, has allowed and settled a statement on motion for a new trial, unless the contrary appears in the record, the presumption is that service of the proposed statement was made, and that all requirements of the law for settlement of the same were had.

2. In an action at law to recover damages for the breach of a contract, after the case has been submitted to the jury which failed to agree upon a verdict, the Court cannot make findings of fact and conclusions of law and base a judgment thereon; but should direct that the case be tried again, in accordance with the provisions of Section 269 of the Code of Civil Procedure.

N. B.—The Court criticizes the form of and matter contained in the statement on motion for new trial.

*Appeal from District Court, Lewis and Clarke County; H. N. Blake, Judge.*

ACTION by John Murray against S. T. Hauser, impleaded with Howard Oviatt and F. D. Spratt. From a judgment for defendant Hauser, plaintiff appeals. Reversed.

*Shober & Rasch* and *E. H. Goodman*, for Appellant.

Our contention is that the court erred in refusing to submit to the jury a general verdict, as asked for by plaintiff. This is an action for the recovery of money. The law in force at the time of the trial of this case was as follows: "In an action for the recovery of money only, or specific property, the jury, in their discretion, may render a general or special verdict." (§ 275, Code of Civil Procedure, 1st Division, Compiled Statutes of Montana, 1887.) The court, of its own motion, however, and against the objections of plaintiff, submitted to the jury three special findings, and directed the jury to find thereon, thereby depriving the jury of their discretionary right to find a general verdict. The Colorado Supreme Court, construing a section of the Colorado Code, identical with section 275, *supra*, say: "In section 181, Civil Code, it is provided: 'In an action for the recovery of money only, or specific property, the jury, in their discretion, may render a general or special verdict. * * * The court had no power to order special findings.'" (*Meyers* v. *Hart*, 33 Pac. Rep. p. 649; citing *Thompson* v. *Gregor*, 11 Colo. 534, 19 Pac. 461; see also *American Co.* v. *Bradford*, 27 Cal. 361; *Schultz* v. *Cremer*, 59 Ia. 182; *Heffner* v. *Brownell*, 78 Ia. 648.) The court erred in determining, without the consent, and against the objections of plaintiff, the issues of fact involved in said cause, in favor of defendant, without having the same tried and determined by a jury, thereby depriving plaintiff of his right to a trial by jury.

This is an action upon a contract, and the terms of the statute in force at the time of the trial of this cause are imperative, to-wit: "In actions * * * for money claimed as due upon contract, or as damages for breach of contract, * * * an issue of fact must be tried by a jury, unless a jury trial is waived." (§ 250, Code of Civil Procedure, 1st

Division Compiled Statutes of Montana, 1887; 3 Greenleaf on Evidence, §§ 261-266, 339; Hayne on New Trial and Appeal, § 234.) The jury, having disagreed, plaintiff was entitled to a new trial, immediately then, or at a future time. (§ 268, Code of Civil Procedure, 1st Division Compiled Statutes of Montana, 1887.) The issue raised was this: In the execution of the contract of guaranty, did the defendant Hauser act as the representative of the Murray Placer Mining Company, or in his personal and individual capacity? The existence or non-existence of that relationship was a question of fact for the jury. (1 Thompson on Trials, § 1368; Proffat on Trials, § 274; *Montgomery* v. *Sayre*, 91 Cal. 206; Am. and Eng. Enc. of Law, Vol. I, 2d Ed. p. 967, and note 4.) And when, in an action of this kind, without a waiver of trial by jury, by consent of the parties, the court substitutes itself for the jury, and, passing upon the effect of the evidence, finds the facts involved in the issues, and renders judgment thereon, the same is reversible error. (*Baylis* v. *Travelers' Ins. Co.*, 113 U. S. 316; *Johnson* v. *Goodtime*, 1 Wash. Ter. 484 ; *Montgomery* v. *Sayre*, 91 Cal. on pp. 210-211.) There are a large number of additional assignments of errors mentioned in the transcript, but we deem a discussion of them unnecessary for a reversal of this case. From the points herein enumerated, it clearly appears that there was manifest error committed by the court on the trial of this case, and for that reason the case should be reversed and remanded for a new trial.

*Toole & Wallace*, for Respondent.

The utter failure to serve the statement was fatal, unless waived, and it was not waived in this case. (*Walsh* v. *Mueller*, 35 Pac. (Mont.) 226.) Independent of the non-service, the unexplained delay of over sixty days in presenting the statement was fatal. (*Woodward* v. *Webster*, 50 Pac. Rep. (Mont.) 791, 792, right foot, 793, left top.) Independent of the above suggestion, all the alleged errors, if errors there were, would be harmless and utterly without injury, because of the controlling principle of law that the question of the

construction and meaning of the written contract of guaranty, made the basis of recovery in the action, quoted on page 3, appellant's brief, was purely a question of law for the court, and the case never should have been submitted to a jury in the first instance. (*Merriam* v. *United States*, 107 U. S. 437; *Goddard* v. *Foster*, 17 Wallace, 123, (21 Co-Op. Ed., 595, left foot); *C. C. Co.* v. *Fogg*, 53 Fed. 72, 75; 1 Beach on Modern Law of Contracts, §§ 743, 744, pp. 902, 903; §§ 3137, 3134, 3132, Code of Civil Procedure; §§ 632, 630, 628, Code of Civil Procedure, Compiled Statutes, 1887; *Toomey* v. *Atoye*, 32 S. W. 254, 256.) The only exception to this rule is in the case of trade or art terms. (17 Wallace, *supra; Penn* v. *Pomeroy*, 21 D. C. 243.) And no question as to the exception is presented by this case.

Pigott, J.    John Murray brought this action against Howard Oviatt, F. D. Spratt and S. T. Hauser, to recover $16,083, besides interest, as damages for breaches of certain contracts entered into on December 19, 1891.    Defendant Hauser alone appeared.    He is sued as the guarantor of performance by Oviatt of the terms of the contract between Murray and Oviatt with respect to the Murray Placer Mining Company, a corporation, its property, and shares of its capital stock.

The contract of guaranty is as follows:    "The said Samuel T. Hauser, for and in the interest of the Murray Mining Company, hereby guarantees the complete fulfillment of the above memorandum of agreement on the part of the said Howard Oviatt, to purchase said shares above mentioned of said John Murray at the price thereupon agreed and stipulated to be paid, and the full compliance of said Oviatt with the terms of this memorandum of agreement in every particular.    Witness my hand and seal this 19th day of December, A. D. 1891. S. T. Hauser.    [Seal.]"

In the opinion of the trial court, issues of fact were made by the pleadings, by which, among other things, plaintiff alleged that the guaranty was understood and intended as a contract binding upon Hauser personally, and that Hauser was

not authorized to execute a guaranty in behalf of the Murray Placer Mining Company, and that the Murray Mining Company mentioned in the guaranty was not the Murray Placer Mining Company named in the contract between Murray and Oviatt, while defendant Hauser pleaded, among other things, that the guaranty was executed by him as agent for the Murray Placer Mining Company, and that it was expressly understood and agreed between plaintiff and defendant that the guaranty was made for and on behalf of the company, and that it was not in any way to bind Hauser personally or individually. A jury were sworn to try the case. Each party introduced evidence, which the court submitted to the jury, with instructions to find upon certain special issues; refusing to direct the jury to return a general or special verdict. The jury disagreed and were discharged, and thereupon, on motion of defendant, and over the objection and exception of plaintiff, the court made the following findings and conclusions:

"The court—as its findings of fact in the above action— from the evidence introduced in the case, determines: (1) That the words 'Murray Mining Company,' used in the guaranty sued on, attached to Exhibit B in the complaint, were intended by the parties to mean the 'Murray Placer Mining Company,' the corporation of that name referred to in the complaint, answer and replication.

"(2) That, in executing the above guaranty for and in the interest of the Murray Placer Mining Company, the defendant S. T. Hauser executed the same, not as his personal act, but as the act of the Murray Placer Mining Company, and that the guaranty was intended by the parties at the time, and executed, as the guaranty of the Murray Placer Mining Company, through its representative, Hauser.

"(3) That this condition was fully understood and known by the plaintiff, John Murray, and that, in and about the whole transaction in connection with which the guaranty was executed, it was known and understood that the defendant Hauser acted in a representative capacity for the company aforesaid, and not personally.

"And, as conclusions of law on the foregoing, the court finds that the contract sued on created no obligation to the plaintiff on the part of the defendant Hauser personally, and that no judgment against Hauser personally could be rendered thereon, and that, therefore, judgment in this action should be ordered for the said defendant Hauser."

Judgment was entered for defendant Hauser, and a new trial refused. Plaintiff appeals.

1. Defendant insists that the statement on motion for a new trial must be disregarded, for the reason that it was never served, and service was not waived. The record does not expressly disclose service, or a waiver thereof; but the judge below has settled the statement, and certified that it is correct. Subdivision 3, Section 1173, Code of Civil Procedure, requires the party moving for a new trial to serve a draft of the proposed statement upon the adverse party, as a prerequisite to its settlement. Settlement without such service, or a waiver thereof, would have been, at the least, an irregularity. In the absence of evidence to the contrary, the presumption of regularity and due performance attends official acts. When, therefore, the judge or court has allowed and settled a statement on motion for a new trial, the presumption arises that service was made, and that all steps prescribed for settlement were taken. (*Young* v. *Rosenbaum*, 39 Cal. 646; *Sullivan* v. *Wallace*, 73 Cal. 307, 14 Pac. 789.) Of course, this presumption is inconclusive, and may be rebutted by proof in the record to the contrary. No such proof appearing in this case, the presumption prevails that the statement was served in proper time, and was settled upon due notice. Nothing in *Walsh* v. *Mueller*, 14 Mont. 76, 35 Pac. 226, or in *Woodward* v. *Webster*, 20 Mont. 279, 50 Pac. 791, supports the contention of defendant.

2. This is an action for money claimed as damages for breach of a contract. Prior to the introduction of the so-called reformed procedure, it would have been called an action at law, as distinguished from a suit in equity; and for convenience it may be now so designated, since it is based upon a

legal wrong, and seeks the remedy of a money judgment only. At the common law, as well as under the provisions of Section 250 of the Code of Civil Procedure (Comp. St. 1887), then in force, the parties were entitled to trial by jury of the issues of fact in such an action. If the evidence conflicts, the jury, and not the court, may weigh and decide. If, upon trial, there should be no substantial conflict in the evidence, and the inferences to be drawn from it were such that reasonable men could come to but one conclusion thereon, the case is stripped of questions of fact, and a mere question of law remains for the decision of the court (*Helena National Bank* v. *Rocky Mountain Tel. Co.*, 20 Mont. 379, 51 Pac. 829.); and in that event, if defendant were entitled to prevail, under our practice the court might, upon trial, instruct the jury to find a verdict for defendant, which would be equivalent to nonsuiting plaintiff, (*McKay* v. *Montana Union Ry. Co.*, 13 Mont. 15, 31 Pac. 999), or might dismiss the complaint by ordering a direct nonsuit; or it might, perhaps, withdraw the case from the jury, and itself decide the question of law, without resorting to nonsuit, or the formality of a verdict by the jury (*Emerson* v. *Eldorado Ditch Co.*, 18 Mont. 247, 44 Pac. 969); or, lastly, it might submit the case to the jury, with instructions to find for defendant if they believed the evidence adduced. No other method, however, of disposing of such a case, is sanctioned by established practice. The court did not adopt any of these methods. The case was first submitted to the jury to find upon three special issues only, although Section 275 of the Code of Civil Procedure (Comp. St. 1887) expressly authorized them to render either a general or a special verdict, in addition to finding upon the special issues submitted by the court. The disagreement of the jury, and their discharge, resulted in a mistrial. There was no trial by jury. That which would have been a trial, had the jury rendered a verdict, became a nullity. The parties were therefore restored to the same position they occupied before the trial was essayed, and the case thus resumed its former status. What had been received in evidence upon a proceeding that·

had terminated, and had resulted in nothing, could no longer be considered as evidence. Immediately upon the discharge of the jury, the evidence adduced ceased to be before the court; nor was it in the breast of the judge. It was, for the purpose of such trial, *functus officio.* Section 269 of the Code of Civil Procedure (Comp. St. 1887), which provides that, where a jury are discharged after the cause is submitted to them, the action may be again tried, immediately or at a future time, as the court shall direct, indicates with precision the general rule to be followed in such case; and we think that course should be pursued in all actions at law, falling within the provisions of said section 250, in which a mistrial occurs. (See *Montgomery* v. *Sayre,* 91 Cal. 206, 27 Pac. 648.) If the evidence were reduced to the form of an agreed statement of facts, it would be, in effect, a special verdict, and, as such, part of the judgment roll, (*Hartman* v. *Smith,* 7 Mont. 19, 14 Pac. 648), and, of course, the intervention of a jury would be useless, since a question of law, only, would thereby be presented for determination; and where the evidence adduced on the trial is without contradiction, and necessarily establishes the facts in favor of one party, it is, for the purpose of that trial, tantamount to an agreed statement of facts; and this court has so held in *Emerson* v. *Eldorado Ditch Co.,* *supra.* But such uncontradicted evidence has the effect of an agreed statement only for the purposes of the trial at which it is received, and cannot be so treated in a subsequent trial. Its effect as a special verdict or finding must be limited to the trial at which the evidence is adduced, and may not be used thereafter to prevent either party from availing himself of other evidence; and this is true when the evidence is uncontradicted, as well as when there is a dispute as to the facts, unless the right to trial by jury be waived, and the cause submitted to the court upon the evidence received upon the mistrial. The court may not substitute itself in place of a jury, and pass upon the effect of evidence which, because of a mistrial, is no longer before it. If, immediately after a mistrial, the court may, without consent of parties, try and determine

the cause upon the evidence produced upon the mistrial, no reason is apparent why the court could not properly exercise its supposed authority in that behalf at any time, however long, thereafter. Through the lapse of years, or until the court decided the case, the evidence would remain in the breast of the judge. We do not think this theory is in harmony with the right of trial by jury.

In the case of *Baylis* v. *Travellers Insurance Co.*, 113 U. S. 316, 5 Sup. Ct. 494, the court said: "If, after the plaintiff's case had been closed, the court had directed a verdict for the defendant on the ground that the evidence, with all inferences that the jury could justifiably draw from it, was insufficient to support a verdict for the plaintiff, so that such a verdict, if returned, must be set aside, it would have followed a practice sanctioned by repeated decisions of this court—and in that event the plaintiff having duly excepted to the ruling in a bill of exceptions setting out all the evidence upon a writ of error, would have been entitled to the judgment of this court whether, as a matter of law, the ruling against him was erroneous. Or if, in the present case, a verdict having been taken for the plaintiff by direction of the court, subject to its opinion whether the evidence was sufficient to sustain it, the court had subsequently granted a motion on behalf of the defendant for a new trial, and set aside the verdict, on the ground of the insufficiency of the evidence, it would have followed a common practice, in respect to which error could not have been alleged; or it might, with propriety, have reserved the question what judgment should be rendered, and in favor of what party, upon an agreed statement of facts, and afterwards rendered judgment upon its conclusions of law. But without a waiver of the right of trial by jury, by consent of parties, the court errs if it substitutes itself for the jury, and, passing upon the effect of the evidence, finds the facts involved in the issue, and renders judgment thereon. This is what was done in the present case. It may be that the conclusions of fact reached and stated by the court are correct, and, when properly ascertained, that they require such a judgment as

was rendered. That is a question not before us. The plaintiff in error complains that he was entitled to have the evidence submitted to the jury, and to the benefit of such conclusions of fact as it might justifiably have drawn—a right he demanded, and did not waive—and that he had been deprived of it by the act of the court in entering a judgment against him on its own view of the evidence, without the intervention of a jury. In this particular we think error has been well assigned. The right of trial by jury in the courts of the United States is expressly secured by the Seventh Article of Amendment to the Constitution, and Congress has, by statute, provided for the trial of issues of fact in civil cases by the court without the intervention of a jury only when the parties waive their right to a jury by stipulation in writing. * * * This constitutional· right this court has always guarded with jealousy.''

As has already been indicated, the practice in this state touching the methods by which the court may, upon trial, dispose of an action at law, is somewhat more liberal than the practice prevailing in the federal courts. We are, however, of the opinion that in this state the court must act while the evidence in an action at law is before it, and is without right to decide the case upon the evidence after the disagreement and discharge of the jury.

It is neither necessary nor proper to consider the other assignments of error. The court below was without right to decide the case as if the evidence were before it. No trial, such as is contemplated by the statute, was had. Plaintiff is entitled to a trial upon whatever issues of law or fact are presented. Our investigation has been confined to the mode of procedure adopted by the trial court in this case. All other questions are reserved.

The transcript filed in this court is not one which should be followed as a model. Some exhibits are incorporated more than once, and much unnecessary matter has been included; for example, all instructions prayed by the plaintiff, and the charge of the court to the jury. We note, also, that a copy

of the undertaking on appeal is inserted, although it is not one of the papers required to be furnished. (Code of Civil Procedure 1895, §§ 1736–1739.) Such unnecessary matter imposes useless expense, sheds no light upon any question presented by the appeal, and tends to impede the court in its investigation of the case. The judgment and order appealed from are reversed, and the cause is remanded, with direction to the district court to grant a new trial.

*Reversed and remanded.*

PEMBERTON, C. J., and HUNT, J., concur.

