CURN, RESPONDENT, *v.* PERKINS, APPELLANT.

(No. 2,780.)

(Submitted February 25, 1910.   Decided March 5, 1910.)

[107 Pac. 901.]

*New Trial Notice—Service by Mail—Defective Affidavit of Service—Presumptions—Waiver—Burden of Proof.*

New Trial Notice—Service by Mail—Defective Affidavit.
   1.   *Quaere:* Is an affidavit of service of notice of intention to move for a new trial, made by mail, under sections 7147 and 7148, Revised Codes, from which it does not appear that the person making the service and the one upon whom it is made  resided at or had their offices in different places, fatally defective?

Same—Service—Waiver.
   2.   Service of notice of intention to move for a new trial may be waived.

Same—Service—Waiver—Burden of Proof.
   3.   The burden of establishing a waiver of service of notice of intention to move for a new trial rests upon the party who alleges it.

Same—Service—Waiver—Presumptions.
   4.   In order to overcome the presumption of regularity attaching to the action of the district court in granting a new trial, the service of notice to move for which, made by mail, was alleged to have been defective, it will be presumed that the notice was waived, in the absence of a showing to the contrary.

*Appeal from District Court, Powell County; Geo. B. Winston, Judge.*

ACTION by Amelia Curn against John Perkins. Judgment for defendant, and he appeals from an order granting plaintiff a new trial. Affirmed.

There was a brief and oral argument in behalf of Appellant, by *Mr. John R. Boarman.*

A party relying upon a service of notice by mail must show a strict compliance with the provisions of the statute in making service. Where service is sought to be made by mail, it should appear that the conditions on which its validity depends had existence; otherwise the evidence must be held insufficient to establish the fact of service. (*People* v. *Alameda T. Co.,* 30 Cal. 182; *Bross* v. *Nicholson,* 1 How. Pr. 158; *Schenck* v. *McKie,* 4 How. Pr. 247; *Anon.,* 25 Wend. 677; *Paddock* v. *Beebe,* 2 Johns. Cas. 117; *Cunningham* v. *Warnekey,* 61 Cal. 507; *Linforth* v. *White,* 129 Cal. 190, 61 Pac. 910.) It is held in California that it must be made to appear by the statement or bill of exceptions that notice of intention has been given, or that the giving of such notice has been waived. (*Pico* v. *Cohn,* 78 Cal. 387, 20 Pac. 706; *Dominguez* v. *Mascotti,* 74 Cal. 269, 15 Pac. 773; *Wright* v. *Snowball,* 45 Cal. 654; *Calderwood* v. *Brooks,* 28 Cal. 151.)

*Mr. J. H. Duffy* and *Mr. S. P. Wilson* submitted a brief in behalf of Respondent. *Mr. Wilson* argued the cause orally.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiff began this action in the district court of Powell county for the purpose of foreclosing a real estate mortgage securing the payment of a note for $1,000. The cause came on regularly for trial before the court sitting with a jury, on the eleventh day of February, 1909. The jury returned a verdict in favor of the defendants. Upon this verdict a judgment was rendered on the eighteenth day of February, 1909. The record contains what purports to be a notice of intention to move for a new trial, with affidavit of service dated February 23, 1909, thereto attached. This affidavit of service reads as follows:

"S. P. Wilson, being duly sworn upon oath, deposes and says that he is now and was at all the times hereinafter mentioned,

over the age of twenty-one years; that he is one of the attorneys
for and of the plaintiff in the above-entitled action; that on the
twenty-third day of February, 1909, your affiant deposited in
the United States postoffice situated in the city of Deer Lodge,
county of Powell, state of Montana, a true copy of the notice
of intention to move for a new trial in the above-entitled action,
in an envelope, with the postage thereon prepaid, and that said
envelope containing the said copy of said notice of intention
aforesaid was addressed to John R. Boarman, the attorney of
record for the above-named defendants to and at his postoffice
address situated in the Silver Bow Block on West Granite street,
in the city of Butte, county of Silver Bow, state of Montana;
that there is a daily communication by mail between the city of
Deer Lodge, county and state aforesaid, and the city of Butte,
county and state aforesaid.

"S. P. WILSON."

The record also contains the following minute entry:

"Friday, this 28th day of May, A. D. 1909.

"[Title of Court and Cause.]

"The motion of plaintiff, Amelia Curn, for a new trial, here-
tofore argued to the court and by the court taken under advise-
ment, is this day by the court granted.

"The defendant not being present in court or by attorney,
an exception is hereby allowed to this order granting plaintiff
a new trial herein.

"[Signed.]    GEO. B. WINSTON, Judge."

The defendant has appealed from the order granting a new
trial.

It is contended by the appellant that the affidavit of Mr. Wil-
son fails to show facts sufficient to warrant the district court
in finding that the notice of intention to move for a new trial
was served in accordance with the directions laid down in sec-
tions 7147 and 7148, Revised Codes, which read as follows:

"Sec. 7147.   Service by mail may be made, where the person
making the service, and the person on whom it is to be made,

reside or have their offices in different places, between which there is a regular communication by mail.

"Sec. 7148.  In case of service by mail, the notice or other paper must be deposited in the postoffice, addressed to the person on whom it is to be served, at his office or place of residence, and postage paid.  The service is complete at the time of the deposit, but if within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended one day for every twenty-five miles distance between the place of deposit and the place of address.  The service in any case is deemed complete at the end of forty days from the date of its deposit in the postoffice."

The specific objection to the affidavit is that it nowhere appears therefrom that the person making the service, and the person upon whom it was to be made, resided at or had their offices in different places.  We do not find it necessary to decide whether the affidavit of service is fatally defective; the members of this court are divided in opinion on the subject.  It is customary to set out in the affidavit the matters referred to in section 7147, as well as those mentioned in the succeeding section, and we shall assume that the affidavit is defective.

The failure to set forth the residence or place of office of the plaintiff's attorney in the affidavit is presumed to have been, and probably was, known to the judge of the district court. Nevertheless he proceeded to hear the motion for a new trial, and afterward granted the same.  His order in the premises is presumed to be correct.  It is contended by the appellant that the presumption can be given no effect in this case, because, the affidavit of service being in the record and being fatally defective, the respondent is precluded from contending that any other or different service was made than that disclosed thereby, and therefore the district court must have assumed jurisdiction of the motion upon an affidavit which was insufficient to show proper service.  But the presumption of regularity attaching to every action of a court of general jurisdiction is far more

comprehensive in its scope than the argument of counsel would indicate. In the absence of this affidavit from the record the presumption would be that notice was properly served or was waived. Why? Because it is presumed that the district court would not otherwise have acted on the motion. (See *Murray* v. *Hauser*, 21 Mont. 120, 53 Pac. 99.) It does not affirmatively appear that the notice was properly served, but we find the court proceeding as though it had been either served or waived. Service of notice of intention to move for a new trial may be waived. (*Kenyon-Noble Lumber Co.* v. *School District, ante,* p. 123, 105 Pac. 551.) The most common methods of waiver are by offering amendments to a proposed bill of exceptions without objection, or by taking part in the argument of the motion for a new trial and contesting the same on the merits, without calling the attention of the court to the defective service of the notice. It may also, of course, be done by express stipulation. In the case at bar we are of opinion that, in the absence of a showing that the notice was not waived, it is the duty of this court to indulge the presumption that it was, in order to uphold the integrity of the order made below.

We know that we have not the entire record before us; it was abbreviated by permission of the chief justice. It is not the respondent who is alleging a waiver. If it was, the burden would be upon her to establish it by satisfactory proof. (*Nord* v. *Boston etc. Min. Co.*, 33 Mont. 464, 84 Pac. 1116, 89 Pac. 647.) But, the affidavit of service being defective, the law, in order to uphold the order of the court below, in the absence of any showing of objection on the part of the appellant, presumes that that court acted upon a record which disclosed the waiver. As the record contains no intimation that the point advanced in this court was raised or preserved below, the case is distinguishable from the *Nord Case* and from *Vreeland* v. *Edens*, 35 Mont. 413, 89 Pac. 735, and *Power & Bro., Ltd.*, v. *Turner*, 37 Mont. 521, 97 Pac. 950. It will be noticed that no claim is made that the necessary facts did not exist, but only that the affidavit failed to show them. The cause was tried in Powell

county, and the affidavit shows that the postoffice address of the defendant's attorney was Silver Bow Block, on West Granite street, in the city of Butte. The objection urged is extremely technical, and we believe that this court is well justified in acting upon the presumption that the district court ruled correctly.

The order appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.