CONSOLIDATED GOLD AND SAPPHIRE MINING CO., Re-
spondent, *v.* STRUTHERS et al., Appellants.

(No. 2,850.)

(Submitted September 13, 1910.   Decided October 3, 1910.)

[111 Pac. 152.]

*Mining Claims—Ejectment—Verdict—Sufficiency—Judgment—
Declaratory Statements—Evidence—Harmless Error.*

Trial—Verdict—Sufficiency—How to be Construed.
    1.   A verdict should be given such a reasonable construction as will carry out the obvious intention of the jury; and, in arriving at such intention, reference may be had to the issues made by the pleadings, the instructions to the jury, and the evidence introduced at the trial.
Ejectment—Verdict—Sufficiency.
    2.   In an action in ejectment to recover possession of a portion of a mining claim, the complaint in which described the whole claim as well as the parcel in dispute, *held* that the verdict in favor of plaintiff "for the restitution of the premises described in the complaint" was not fatally defective as awarding restitution of the whole claim, since, under the rule stated in paragraph 1 above, the jury must have understood that they were only concerned with the portion in controversy, and had nothing to do with the claim as a whole.
Judgment in Excess of Verdict—Modification.
    3.   Where the judgment in an action at law awards a larger measure of relief than is warranted by the verdict, it will be modified on appeal to conform to the verdict, a new trial not being necessary for that purpose.
Ejectment—Issues—Withdrawal from Jury—Decision by Court—Verdict—Sufficiency.
    4.   Where the court in an action in ejectment instructed the jury that the evidence conclusively established title and right of possession of plaintiff, and that they should find in its favor for the restitution of the premises, and for such damages as the evidence showed plaintiff to have suffered, thus virtually, though not formally, withdrawing from the jury the issues of ownership, right of possession and ouster, and no

complaint having been made that the evidence was not sufficient to authorize a directed verdict as to the issues thus withdrawn, a verdict in accordance with the instruction was not fatally defective for failing to also find upon the issues thus withdrawn.

Same—Mining Claims—Declaratory Statements—Defects—Who may not Take Advantage of.

5.   Defendants in ejectment who had made no attempt to show title in themselves to the portion of a mining claim in dispute, by location or any other method provided for by the federal statute, were not in position to take advantage of an alleged defect in a declaratory statement, section 2293, Revised Codes, providing that defects in notices or certificates shall not be deemed material "except as against one who has located the same ground, or some portion thereof, in good faith and without notice."

Same—Title—Pleading—Proof.

6.   In ejectment, the plaintiff is not required to deraign his title in his complaint; under the allegation of ownership, he may prove such title as he has, from whatever source acquired, and by any species of conveyance recognized by law.

Same—Certificates—When not *Prima Facie* Evidence of Title.

7.   Though it was error to admit a receipt issued by the receiver of the United States land office showing that plaintiff in an action in ejectment had paid money to that officer "in connection" with the purchase of the mining claim in controversy, but not disclosing that plaintiff had made the purchase or was entitled to patent, and was therefore not such a certificate as is referred to in section 7931, Revised Codes, as being *prima facie* evidence of title, it was error without prejudice, plaintiff's title having been amply established by other proof.

*Appeal from District Court, Deer Lodge County; Geo. B. Winston, Judge.*

Action by the Consolidated Gold and Sapphire Mining Company against A. D. Struthers and another. From a judgment for plaintiff and an order denying them a new trial, defendants appeal. Remanded, with directions.

On behalf of Appellants, there was a brief by *Messrs. Rodgers & Rodgers,* and *Mr. John Lindsay,* and oral agreement by *Mr. W. B. Rodgers.*

The verdict did not authorize nor support the entry of the judgment entered in this action against the defendants, or the entry of any judgment against the defendants, for the reason that the verdict did not find or decide as to any of the material issues in the case, or upon all or any of the material issues made by the pleadings. (*Hamilton* v. *Murray,* 29 Mont. 80, 74 Pac. 75; *Throckmorton* v. *Davenport,* 55 Tex. 236; *Miles* v. *Skinner,* 42 Mich. 181, 3 N. W. 918; *Lazarus* v. *Barrett,* 5 Tex. Civ. 5, 23

S. W. 822; *Burnett* v. *Harrington*, 58 Tex. 359; *Teasdale* v. *Manchester Produce Co.*, 104 Tenn. 267, 56 S. W. 853; *Parsley* v. *Nicholson*, 65 N. C. 207; *Caldwell* v. *Stephens*, 57 Mo. 589.)

The court erred in admitting the purported receipt from the land office in evidence. It was no more than a preliminary receipt, and showed no more than a note or memorandum, made by the officers of the land office, would show in a case where money had been deposited subject to acceptance or rejection, as the case might be, by the local land office upon the final determination of the fact as to whether or not an entry should be allowed. If it should be held, however, that the receipt was a final receipt, which it was not, and could not be, yet it would not be sufficient to support an action in ejectment. (See *Fenn* v. *Holme*, 21 How. (U. S.) 481, 16 L. Ed. 198; *Hooper* v. *Scheimer*, 23 How. (U. S.) 235, 16 L. Ed. 452; *Langdon* v. *Sherwood*, 124 U. S. 74, 8 Sup. Ct. 429, 31 L. Ed. 344.)

In behalf of Respondent, *Messrs. Kirk, Bourquin & Kirk*, and *Mr. C. N. Davidson*, submitted a brief. *Mr. George M. Bourquin* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Ejectment. This action was brought by plaintiff to recover possession of a portion of the Ruby First placer mining claim. The claim is described as follows: "Lot 11, Sec. 7, W. ½ of S. W. ¼ of N. W. ¼, N. W. ¼ of N. W. ¼ of S. W. ¼, E. ½ of N. W. ¼ S. W. ¼, N. E. ¼ S. W. ¼ of S. W. ¼ and W. ½ of S. E. ¼ of S. W. ¼, Sec. 8, T. 5 N. R. 8 W." The area in controversy is described as "that portion thereof situated in the S. W. ¼ of said section 8." The complaint is in the usual form, alleging ownership and right of possession in the plaintiff, ouster by the defendants, and general damages for the wrongful withholding by defendants. It is also alleged, by way of special damages, that the defendants have cut and removed from the ground in controversy the growing timber which stood thereon. The answer admits that defendants are in possession of the ground

in controversy as alleged, and that they have cut and removed the timber therefrom, but denies all the other allegations of the complaint. It alleges that defendants are in possession, and entitled to the possession as owners in fee. At the trial the plaintiff was permitted, over objection by defendants, to introduce, in support of its claim of title, the original declaratory statement of the location of the Ruby 1 placer claim, covering the ground in controversy, by one Scanlan and twelve others, conveyances by all of them to the plaintiff, an amended declaratory statement of a location made on behalf of the plaintiff by one Barker as its agent, covering the same ground under the name of "Ruby First Placer," and what is referred to in the record as a "receiver's final receipt and certificate of purchase" from the United States. The material part of the latter is as follows:

"Department of the Interior,

"General Land Office.

"No. 79,020.

"Receipt.

"U. S. Land Office, Helena, Mont.

"Oct. 28, 1908.

"Received of Consolidated Gold & Sapphire Mining Co. by Nat Simon, att'y-in-fact, Butte, Mont., the sum of two hundred and thirty-seven dollars and 50 cents, in connection with mineral application to purchase, serial No. 0–260, for Lot 11," etc.

The foregoing documents were introduced in order the reverse of that in which they are enumerated, but no contention is now made that there was error in that behalf.

At the close of the evidence, the court directed the jury to find for the plaintiff for the restitution of the ground in controversy, submitting to them the question of the amount of damages only. The first paragraph of the charge is the following: "The plaintiff is conclusively proven to be the owner of, and is entitled to, the possession of the premises in controversy, and you will find your verdict for it for restitution of the premises and such damages, if any, as you may find from the evidence it has suffered by the acts of the defendants in taking possession of and occupying the

premises, building a dam, and cutting trees thereon. Defendants admit these acts, and so are liable in damages, if any were caused thereby.''

The jury returned their verdict as follows: ''We, the jury in the above-entitled cause, find our verdict for the plaintiff for the restitution of the premises described in the complaint, and for damages in the sum of $1,000.'' The judgment entered upon this verdict, instead of awarding to the plaintiff recovery of only that portion of the claim from which plaintiff alleges it was ousted, awards recovery of the entire claim. The defendants have appealed from the judgment and an order denying their motion for a new trial.

1. The defendants' first contention is that the verdict is fatally defective, in that it finds that plaintiff should have restitution of that portion of the Ruby First placer claim which is not in any way involved in controversy. This contention is without merit. A verdict is not to be technically construed, but is to be given such a reasonable construction as will carry out the obvious intention of the jury. In arriving at this intention, reference may be had to the issues made by the pleadings, the instructions submitted by the court, and the evidence introduced at the trial; and if by a fair and reasonable construction of it, in view of the whole record, the intention of the jury is manifest it should be allowed to stand. Applying this rule to the verdict in this case, it is clearly sufficient. It is true that, standing alone, it may be construed to award restitution of the whole of the Ruby First placer claim, yet, by reference to the complaint, we find that the portion in controversy is specifically described. The instruction refers definitely to the ''premises in controversy.'' The jury could not have understood that they had anything to do with the undisputed portion, and, in the light of these clear references, we must conclude that the indefinite mention of the premises described in the complaint refers to the disputed portion as there described. The maxim, *''Id certum est quod certum reddi potest,''* applies. (29 Am. & Eng. Ency. of Law, 2d ed., 1018.) In any event, as we shall point out hereafter, this finding by the jury was wholly immaterial.

It is obvious, however, that the judgment is erroneous in so far as it undertakes to adjudicate the title to the undisputed portion and award restitution thereof. "A judgment is the final determination of the rights of the parties in an action or proceeding." (Revised Codes, sec. 6710.) While, when there is appearance and answer by the defendant, any relief may be awarded which is consistent with the complaint and embraced within the issues (Revised Codes, sec. 6713; *Merk* v. *Bowery Min. Co.*, 31 Mont. 298, 78 Pac. 519), yet it is elementary that the award may not extend further in any case. And, when the trial is by a jury, the judgment must be entered in conformity with the verdict. (Revised Codes, sec. 6800.) But the defendants are not entitled to a new trial because of this error. A modification of the judgment so as to make it conform to the verdict is the full measure of relief to which they are entitled, and a new trial is not necessary for this purpose.

2. The second contention is that the verdict is fatally defective, in that it fails to find upon the issues of ownership and right of possession. It will be noted that the court in the instruction quoted stated to the jury that the evidence conclusively establishes title and right of possession in plaintiff, and that they should find in its favor for the restitution of the premises in controversy, and for such damages as the evidence shows it had suffered by the ouster and possession by the defendants. There is no complaint that the evidence is not sufficient to authorize a directed verdict as to all the issues except that of damages. The instruction in effect withdrew from the jury the issues of ownership, right of possession and ouster, and submitted the question of damages only; for, though the jury were told that they should find for the plaintiff for a restitution, in addition to the amount of damages, if any, which plaintiff had suffered, the right to have restitution involved no issue of fact, but followed as a legal conclusion from a determination of the other issues by the court upon uncontroverted evidence. The conclusion that the plaintiff was entitled to restitution was therefore to be declared by the court, and not by the jury. It is the general rule that the verdict must respond to all the material issues, or the result is a mistrial.

(*Hamilton* v. *Murray,* 29 Mont. 80, 74 Pac. 75.)    But the court is never required to take the opinion of the jury upon issues which have been removed from the controversy by the admissions of the parties or which are established by uncontroverted evidence; and hence the formal verdict is sufficient if it responds to all the issues properly submitted.

But counsel for defendants argue that in this character of case (one at law), where issues of fact are made by the pleadings, the parties are entitled to a jury trial as a constitutional right; that this right is in no way affected by the amount of evidence the defendant may be able to introduce in support of his claim; that, if he fails to introduce any evidence, he is nevertheless entitled to a verdict by a jury responding to all the issues made by the pleadings; and that, though the case upon the evidence as to any issue presents a question of law only, the court has no power to withdraw such issue from the jury and submit only the controverted issues.    In other words, though, under the statute (Revised Codes, sec. 6761), the court may direct a verdict in a particular way, when questions of law only are presented, the parties are entitled to have a formal verdict upon all the issues made by the pleadings.    It follows, therefore, counsel say, that, since the court did not require the jury to render a general verdict upon all the issues, the defendants are entitled, under the constitutional guaranty, to have the judgment set aside and a new trial ordered.    In support of this contention they cite *Hodges* v. *Easton,* 106 U. S. 408, 1 Sup. Ct. 307, 27 L. Ed. 169, and *Baylis* v. *Travelers' Ins. Co.,* 113 U. S. 316, 5 Sup. Ct. 494, 28 L. Ed. 989.

This court has repeatedly held that the right guaranteed by the state Constitution (Article III, sec. 23) is the same as that guaranteed by the federal Constitution (Seventh Amendment), because the federal Constitution was the fundamental law of the territory at the time it was admitted into the Union as a state, and the right as it then existed was preserved in the state Constitution.    (*Kleinschmidt* v. *Dunphy,* 1 Mont. 118; *State ex rel. Jackson* v. *Kennie,* 24 Mont. 45, 60 Pac. 589; *Montana Ore Pur. Co.* v. *Boston & Mont. C. C. & S. Min. Co.,* 27 Mont. 536, 71 Pac.

1005; *Chessman* v. *Hale,* 31 Mont. 577, 79 Pac. 254, 68 L. R. A. 410, 3 Ann. Cas. 1038.)   Of course, the parties may waive the right and submit their controversy to the court; but this may be done only in the mode prescribed by law.   (Constitution, Art. III, sec. 23; Revised Codes, sec. 6762; *Chessman* v. *Hale, supra.*) Otherwise the judge has no power to substitute himself in the place of the jury.   This right has always been jealously guarded. (*Chessman* v. *Hale, supra; Hodges* v. *Easton,* 106 U. S. 408, 1 Sup. Ct. 307, 27 L. Ed. 169; *Baylis* v. *Travelers' Ins. Co.,* 113 U. S.. 316, 5 Sup. Ct. 494, 28 L. Ed. 989; *Murray* v. *Hauser,* 21 Mont. 120, 53 Pac. 99.)   Under section 250, Division 1, Compiled Statutes of 1887, the parties were entitled to a trial by jury of the issues of fact in actions for the recovery of real property; and this is to say that, whenever in a given case the evidence is such that reasonable men may disagree as to the proper inference to be drawn from it, it must have been submitted to the jury.   The jury, and not the court, must weigh and decide.   But it has always been the practice in this jurisdiction that, when the evidence on the part of the plaintiff does not tend to establish the cause of action stated in the complaint, the court may direct a verdict or take the case from the jury and enter a judgment of nonsuit.   In such case there is nothing for the jury to find. (Compiled Statutes, 1887, Div. I, sec. 242; Revised Codes, sec. 6714; *Garver* v. *Lynde,* 7 Mont. 108, 14 Pac. 697; *Creek* v. *McManus,* 13 Mont. 152, 32 Pac. 675; *McKay* v. *Montana Union Ry. Co.,* 13 Mont. 15, 31 Pac. 999.)   Whether the court pursues one course or the other, the result is the same; for, though the court directs the return of a formal verdict, the result is nothing more than a determination of the case by the court; the jury performing no other office than that of giving form to the court's conclusion.   (*McKay* v. *Montana Union Ry. Co., supra.*)   So, too, whenever the defendant has failed to make proof of his defense, but has left the plaintiff's case, as shown by his evidence, uncontroverted, and this stands unimpeached so that but one inference may be drawn from it, and that favorable to the plaintiff, it has been the practice for the court to direct a verdict for the plaintiff.

This course was pursued in *Mayer* v. *Carothers*, 14 Mont. 274, 36 Pac. 182, and was recognized as the proper rule of practice in *Emerson* v. *Eldorado Ditch Co.*, 18 Mont. 247, 44 Pac. 969, and *Murray* v. *Hauser*, 21 Mont. 120, 53 Pac. 99.   When a case is in this condition, it is stripped of questions of fact, and presents only a question of law for decision by the court.   (*Helena Nat. Bank* v. *Rocky Mt. Bell Tel. Co.*, 20 Mont. 379, 63 Am. St. Rep. 628, 51 Pac. 829; *Emerson* v. *Eldorado Ditch Co., supra; Murray* v. *Hauser, supra; Dunseth* v. *Butte Electric Ry. Co., ante,* p. 14, 108 Pac. 567.)   Under the practice, then, recognized and followed in these cases, it is not important whether the court directs the jury to render a verdict for either party, or discharges the jury and renders judgment.   In either case the result is the decision of the court.

The statute (Revised Codes, sec. 6761) provides that, when the case presents only questions of law, the judge may direct the jury to render a verdict in favor of the party entitled thereto.   But, since the decision is in any event that of the court, it cannot prejudice the rights of the parties if the formal procedure prescribed is not pursued.   If the court pursues the latter course, it is at most a mere irregularity, which this court may not take notice of.   (Revised Codes, sec. 6593.)   The right of the plaintiff and defendant to a jury trial upon issues of fact stands upon the same footing.   If the pleadings present such issues, *prima facie* each is entitled to have a jury determine them; but, if during the course of the trial it becomes apparent that there are no such issues in the evidence, the decision falls within the province of the court.   In view of the cases cited, we are justified in concluding that this has always been understood, both by the profession and the courts in this state, to be the meaning of section 6724 of the Revised Codes, which is substantially the same as the provision contained in the Bannack Statutes, enacted by the first territorial legislature in 1864 (Bannack Statutes, p. 68, sec. 127).   The rule of practice contended for by counsel, strictly applied as it was in *Hodges* v. *Easton* and *Baylis* v. *Insurance Co., supra,* was never followed by the courts of the territory, nor has it been

recognized by our state courts. Indeed, to reverse a judgment in any case on the ground that the trial court has failed formally to direct a verdict, the condition of the evidence permitting it would be absurdly technical.

It was said in *Murray* v. *Hauser, supra,* that the practice in this state touching the methods by which the court may upon trial dispose of actions at law is somewhat more liberal than the practice prevailing in the federal courts. This statement is justified by the cases which we have cited. In the case before us, the court virtually, though not formally, withdrew all the issues from the consideration of the jury, except the issue made as to the amount of damages. If there had been no such issue in the case, the court would have been justified in directing a verdict upon the whole case. The instruction in effect submitted to the jury a special finding as to the amount of damages, and, upon entering judgment, the judge decided all the other questions in the case. This, we think, while not strictly in accord with the statute, was well within the province of the court, and the judgment should not be reversed because the statute was not strictly pursued.

A different rule applies in criminal cases. The trial court may never direct a verdict for the state; for, though the defendant may introduce no evidence at all, it is for the jury to say whether the evidence introduced by the state has overcome the presumption of innocence which the law indulges in favor of the defendant, and has established his guilt beyond a reasonable doubt. (*State* v. *Koch,* 33 Mont. 490, 85 Pac. 272, 8 Ann. Cas. 804.)

3. Error is alleged upon the action of the court in overruling the objection of defendants to the admission in evidence of the original and amended declaratory statements of location of the Ruby placer mining claim, and the receipt of the receiver of the United States land office. To the declaratory statements it was objected that they do not comply, in several particulars, with the requirements of the statutes of Montana. The defendants are not in a position, however, to take advantage of these defects, if in fact they are such. The original location of the claim was completed January 30, 1892. The amended location was com-

pleted on March 26, 1906. Both fully comply with the requirements of the federal statute. The legislation prescribing the requirements to be observed by the locator of a mining claim at the time the second declaratory statement was recorded (Political Code 1895, secs. 3610–3616) was amended in several substantial particulars by the Act of 1907 (Revised Codes, secs. 2283–2296). Among other provisions embodied in the latter, it is provided "that no defect in the posted notice or recorded certificate shall be deemed material except as against one who has located the same ground, or some portion thereof, in good faith and without notice." The defendants did not attempt to show title in themselves by location or any other method provided for by the federal statute.

Touching the receiver's receipt, it was objected that it was immaterial and irrelevant, because the plaintiff in its complaint does not deraign title from the United States in any other way than by location. In the brief, contention is made that the paper, though designated as a final receipt, upon its face evidences nothing further than an offer to purchase by the plaintiff, and is not a muniment of title, such as the certificate of purchase usually issued to purchasers by the United States land department upon final entry. The objection urged at the trial was, of course, not maintainable. In ejectment, the plaintiff is not required to deraign his title in his complaint. Under the allegation of ownership, he may prove such title as he has from whatever source he may have acquired it, and by any species of conveyance which is recognized by law. Here the allegation is of ownership and right of possession. The receipt, though showing that the plaintiff had paid money to the receiver "in connection" with the purchase of the claim, does not certify that it had purchased it or is entitled to patent. It is therefore not such a certificate as is referred to in section 7931, Revised Codes, as *prima facie* evidence of title. It was wholly valueless as evidence, and should have been excluded upon proper objection. But its admission wrought no prejudice, since the alleged declaratory statements furnish ample proof of plaintiff's title.

Other contentions are made, but we find no merit in them. The cause is remanded to the district court, with directions to set aside the judgment, and to cause one to be entered in conformity with the views herein expressed. Appellants pay the costs of this appeal.

*Modified.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.